JERRY E. SMITH, Circuit Judge:
Robert Lookingbill appeals the dismissal, as time-barred under the one-year limitations period established by the Anti-Terrorism and Effective Death Penalty Act of 1996 (“AEDPA”), 28 U.S.C. § 2244(d), of his petition for a federal writ of habeas corpus.[1] We affirm.
I.
Lookingbill was convicted of capital murder and sentenced to death. The Texas Court of Criminal Appeals affirmed his conviction and sentence on April 6, 1994, and denied rehearing on June 8, 1994. The conviction became final on September 8, 1994, on expiration of the ninety-day period during which he could have applied for writ of certiorari. On November 22, 1996, counsel was appointed to represent him during his state habeas proceedings, and he filed an application for a state writ of habeas corpus on April 21, 1997. On March 4, 1998, the Texas Court of Crimi-na;! Appeals' denied his state habeas petition, and on March 12 he moved for reconsideration of that denial.[2]
,- Lookingbill filed a motion to proceed in forma pauperis (“IFP”) and a motion for appointment of federal habeas counsel on May 19, 1998. The trial court set his execution for March 9, 1999. On December 16, 1998, the Texas Court of Criminal Appeals sent a letter to the presiding judge of the district court indicating that the court had denied the motion for reconsideration without written order. The letter was filed in the district court on December 21,1998.
*260 On February 2, 1999, LookingbiU filed an affidavit in support of his motion to proceed IFP; the foUowing day, the federal district court granted IFP status, appointed federal habeas counsel, and granted a stay of execution.
LookingbiU filed a petition for federal writ of habeas corpus on July 23, 1999. The state moved for summary judgment, averring that the federal petition was time-barred under § 2244(d). LookingbUl asserted that the petition was timely filed and that, even if it was' not, equitable toUing excused him. The district court entered summary judgment, then granted LookingbUl a certificate of appealabiUty (“COA”) on the limitations and toUing issues.
II.
LookingbUl argues that the district court erred in holding that his federal habeas petition was not filed within AED-PA’s one-year limitations period. We review de novo the denial of a federal habeas petition on procedural grounds. Emerson v. Johnson, 243 F.3d 931, 932 (5th Cir.2001); Johnson v. Cain, 215 F.3d 489, 494 (5th Cir.2000). The AEDPA statute of limitations applies to all habeas petitions filed after the Act’s effective date: April 24, 1996. Kiser v. Johnson, 163 F.3d 326, 327 (5th Cir.1999). LookingbUl’s murder conviction became final before April 24, 1996. Thus, absent any toUing, he had until April 24, 1997, to file an application for federal habeas rehef. Smith v. Ward, 209 F.3d 383, 384 (5th Cir.2000); Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir.1998).
The parties stipulated, however, that the AEDPA limitations period began to run on November 22, 1996, when LookingbUl was appointed state habeas counsel,[3] and that the limitations period ran for 150 days from the appointment of state habeas counsel to the filing of the state habeas petition. The limitations period was tolled between April 21, 1997, when LookingbiU filed his state habeas petition, and March 4, 1998, when the Court of Criminal Appeals denied the state habeas petition. Because LookingbiU filed his federal habeas petition on July 23, 1999, it was untimely under § 2244(d) unless the limitations periods was further toUed.
LookingbUl argues that two additional events should have tolled the running of limitations. The first was his filing of a motion to reconsider the denial of his state habeas petition; the second was his motion for appointment of federal habeas counsel.
A.
LookingbUl claims that the motion to reconsider the denial of his state habeas petition was a “properly filed apphcation for state post-conviction or other coUateral review” that tolled the limitations period from the date he filed the motion to reconsider the denial of state habeas relief to December 22, 1998. This circuit, Uke most, holds that “a properly filed application is one submitted according to the state’s procedural requirements .... ” Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999) (quoting Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir.1998)). We interpret the words “properly filed” narrowly. Williams v. Cain, 217 F.3d 303, *261 307 n. 4 (5th Cir.2000); Villegas, 184 F.3d at 470 (“[W]e ought not assume an overly broad meaning of properly filed.” (internal quotation marks omitted)). Thus, a properly filed application must meet all procedural requirements. Galindo v. Johnson, 19 F.Supp.2d 697, 701 (W.D.Tex.1998). If there is an exception to an applicable procedural requirement, and a petition fits within that exception, the petition is properly filed. Smith, 209 F.3d at 385.
Rule 79.2(d), Tex.R.App. P., plainly prohibits the filing of motions for rehearing in habeas cases: “A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, articles 11.07 and 11.071, may not be filed.” Id. Nonetheless, “[t]he Court may on its own initiative reconsider the case.” Id. Relying on that rule, the district court reasoned that this discretion was “insufficient to make Lookingbill’s petition properly filed.” That judgment was correct under Fifth Circuit precedent when the district court wrote the opinion.
After the district court issued its opinion, however, we decided Emerson, which followed the reasoning of Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), and held that, “given Artuz and Texas case law allowing habeas petitioners to file suggestions or motions for reconsideration, AEDPA’s one-year statute of limitations is tolled during the period in which a Texas habeas petitioner has filed such a motion.” Id. at 935. The court in Emerson cited three Court of Criminal Appeals cases in which a Texas court had entertained a motion for reconsideration.[4] “The tolling lasts only as long as the Texas courts take to resolve the motion or suggestion for reconsideration.” Id.
After the parties had filed their briefs in the instant matter, we decided Melancon v. Kaylo, 259 F.3d 401 (5th Cir.2001), holding that the clock should not start running again between the date of the state trial court’s disposition of a state habeas petition and the petitioner’s timely filing for direct review at the next level. Id. at 406. Accordingly, under Emerson and Melan-con, Lookingbill’s motion to reconsider tolled the running of limitations from March 4 to December 16,1998.
In a supplemental letter brief,[5] Looking-bill argues that the district court should have tolled the limitations period until the day after the state district court filed the Court of Criminal Appeals’ letter.[6] If we tolled the deadline until December 22, 1998, Lookmgbill’s COA would be timely.
Section 2244(d)(2) tolls the time limit for state applications that are “pending.” 28 U.S..C. § 2244(d)(2). In Emerson, 243 F.3d at 935, we considered how long a motion for reconsideration tolls AEDPA’s time limit under § 2244(d)(2). We held that “tolling lasts only as long as the Texas courts take to resolve the motion or suggestion for reconsideration.” Our limited holding reflected a serious concern about tolling the deadline for motions for reconsideration filed with the Court of Criminal Appeals; absent a timeline for filing and deciding motions for reconsideration, AEDPA’s time limit could toll indefinitely.
*262 The Court of Criminal Appeals “resolve[d]” the motion as soon as it decided it and issued the December 16 letter. Filing the letter ruling with the trial court did nothing to advance or dispose of Looking-bill’s case; the motion for reconsideration did not continue to “pend” between the Court of Criminal Appeals’ ruling and the filing of the letter. Further tolling would not encourage Lookingbill diligently to exhaust state remedies; after the Court of Criminal Appeals’ decision, he had nothing left to do in state court.[7] Requiring the Court of Criminal Appeals to take further steps after its ruling would only frustrate our attempt in Emerson to cabin the tolling period.
Lookingbill argues that we should apply Texas’s “mailbox rule” to toll limitations for three days past when the letter was mailed. First, even if we tolled the deadline for three days, Lookingbill’s COA would be untimely. Second, although we are sensitive to state law when determining whether a motion is still “pending,” federal law still determines the time limits under AEDPA.[8]
Federal courts interpret the federal time period as running from the event described rather than from receipt of notice.[9] For example, in Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir.2001), the court reversed a district court for tolling under AEDPA where the petitioner had only one day after the state’s actual denial to file a federal petition, reasoning that AEDPA’s one-year period suffices, even considering the time it takes for notice to travel through the mails. Id.
Lookingbill does not point to any other provision of state law to argue that his habeas petition is pending. This makes good sense. No other provision of Texas law applies; Texas law bars filing the motion we are considering. Tex.R.App. P. 79.2(d). In Emerson, 243 F.3d at 935, we agreed to toll the AEDPA deadline because the Court of Criminal Appeals had in fact considered motions for reconsideration.
Trying, as does the dissent, to graft the generic Texas rules of criminal, civil, and appellate procedure onto a discretionary motion that Texas courts consistently refuse to recognize would be quite challenging.[10] Despite several opportunities for *263 supplemental briefing, Lookingbill did not raise any of the state law arguments that the dissent makes for tolling the deadline past December 16.
Where a habeas petitioner fails to brief an argument adequately, we consider it waived.[11] We think it especially unwise to interpret the Texas statutes and rules of procedure identified by the dissent, without the benefit of briefing, while relying only on the text of the statutes and rules. Then to apply those statutes and rules to a motion that the Texas rules expressly forbid risks mangling state law beyond recognition.
Circuit precedent requires us to establish a bright-line rule that corresponds to when the Court of Criminal Appeals actually disposed of the motion for reconsideration. Based on the arguments raised in this appeal, we conclude that the court did so in its letter of December 16,1998.
Because the state court denied the motion for reconsideration on that date, the remaining 215 days expired on July 19, 1999. Lookingbill filed his application on July 23, 1999, making it four days late. Thus, he cannot argue, based solely on Emerson, that his federal habeas petition was timely filed.
B.
Lookingbill argues, though, that his motion for appointment of federal habeas counsel tolled limitations from May 19, 1998, the date of the motion, to February 3,1999, when he was appointed federal habeas counsel. He cites numerous cases demonstrating the importance of the right to counsel. He has not, however, cited any case in which a motion for appointment of counsel tolled limitations. “[A] habeas petition is pending only after a petition for a writ of habeas corpus itself is filed.” Williams v. Cain, 125 F.3d 269, 274 (5th Cir.1997) (internal quotation marks omitted). Thus, the filing of the federal habeas petition — not of a motion for appointment of counsel — tolls limitations.[12] Looking-bill’s motion for appointment of federal habeas counsel did not toll limitations, so his federal petition was time-barred under § 2244(d).
III.
Lookingbill argues that equitable tolling should excuse him from AEDPA’s one-year limitations period. We review a denial of equitable tolling only for “abuse of discretion.” Molo v. Johnson, 207 F.3d 773, 775 (5th Cir.2000); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001).
AEDPA’s limitations period is subject to equitable tolling and is not a *264 jurisdictional bar. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). Therefore, a court may toll the limitations period in “rare and exceptional circumstances.” Id. (emphasis added). Such circumstances would exist, for example, if “the plaintiff [was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights.” Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quoting Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir.1996)). But, a “garden variety claim of excusable neglect” by the petitioner does not support equitable tolling. Rashidi, 96 F.3d at 128 (quoting Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)).
Lookingbill argues that we should grant equitable tolling for four reasons. First, he claims that he was unduly burdened by not having federal habeas counsel appointed until February 3, 1999. Lookingbill, however, did not address this issue in his brief to the district court. That failure constitutes a waiver on appeal.[13] Dowthitt v. Johnson, 230 F.3d 733, 747 n. 16 (5th Cir.2000), cert. denied, 532 U.S. 915, 121 S.Ct. 1250, 149 L.Ed.2d 156 (2001); Johnson v. Puckett, 176 F.3d 809, 814 (5th Cir.1999).
Second, Lookingbill claims that the lack of federal habeas counsel prevented him from filing a federal habeas petition. As the district court pointed out, however, Lookingbill was quite aware of the limitations period and could have filed a pro se skeletal petition during the pen-dency of his motion for appointment of federal habeas counsel. He did not. Consequently, he cannot succeed on this claim.[14]
Third, Lookingbill claims that we should apply equitable tolling because his federal habeas counsel was overburdened by a busy docket. He argues that failure to provide equitable tolling would violate the Fifth, Sixth, Eighth, and Fourteenth Amendments. Lookingbill has cited no Fifth Circuit precedent to support this claim. Additionally, as the district court pointed out, “operating under time constraints on federal cases [is] not unusual.” Thus, we decline to apply equitable tolling just because a lawyer is busy. Looking-bill’s federal habeas counsel had sufficient time to file a federal habeas petition within the limits established by § 2244(d) but did not do so. Consequently, this claim fails.
Most recently, in his letter brief, Lookingbill argues that we should equitably toll the statute because he missed the deadline by only four days. In past cases, we have focused on the reasons for missing the deadline rather than on the magnitude of the tardiness.[15] At the margins, all *265 statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA’s timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.[16]
Overall, Lookingbill’s arguments for equitable tolling constitute “garden variety claim[s] of excusable neglect.” Rashidi, 96 F.3d at 128. Because there are no “rare and exceptional circumstances,” Davis, 158 F.3d at 807, the district court did not abuse its discretion by refusing to apply equitable tolling.
All pending motions are denied.
AFFIRMED.

. Section 2244(d)(1) provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court....” Section 2244(d)(2) provides an exception: “The time during which a properly filed application for State post-convic.lion or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitation under this subsection.” See Duncan v. Walker, 533 U.S. 167, 173-76, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

. Although Lookingbill claims he filed the motion to reconsider on March 12, 1998, the motion was notarized on March 16, which therefore is the earliest date on which the motion could have been filed.

. In Pyles v. Morales, No. 396-CV-2838-D, 1996 U.S. Dist. LEXIS 22357, at *3 (N.D.Tex. Dec. 2, 1996), the Texas Attorney General's office agreed that, for "each death-sentenced individual in Texas who has not filed a state habeas petition, the statute of limitations under 28 U.S.C. § 2244(d) is tolled for the period of time [until] the date of the actual appointment of counsel by the Court of Criminal Appeals.” Accordingly, Lookingbill’s one-year limitations period began to run on November 22, 1996.

. Ex parte Lemke, 13 S.W.3d 791 (Tex.Crim.App.2000); Ex parte Smith, 977 S.W.2d 610 (Tex.Crim.App.1998); Ex parte Graham, 853 S.W.2d 565 (Tex.Crim.App.1993).

. We asked the parties to submit letter briefs addressing the impact of Melancon.

.Lookingbill does not argue that he failed to receive actual notice of the Court of Criminal Appeals' decision until after the filing in state district court. The Court of Criminal Appeals’ letter ruling listed LookingbilTs counsel as one of the parties to whom a copy was circulated.

. Lookingbill’s case provides an excellent example. After filing his motion for reconsideration with the Texas Court of Criminal Appeals, he had no other possible state remedy. Rather than waiting for the court to rule on a technically forbidden motion, which the court had no obligation to consider within a particular time frame, Lookingbill filed his federal habeas petition. No one can seriously contend that that the reason for the untimely filing was that he was waiting for the Court of Criminal Appeals to rule on the motion for reconsideration.

. Artuz, 531 U.S. at 8-9, 121 S.Ct. 361 (giving language of § 2242(d)(2) priority over state law when determining whether motion is "properly filed” in state courts); Emerson, 243 F.3d at 934-35 (focusing on whether motion was practically pending rather than permitted by Texas law); Flanagan, 154 F.3d at 200-01 (applying Fed.R.Civ.P. 6's timetables, rather than state law, to § 2244(d)(2)).

. E.g., Halicki v. La. Casino Cruises, Inc., 151 F.3d 465, 467 (5th Cir.1998) (refusing to apply mailbox rule” to Fed. R.App. P. 4's time limits, which begin with the filing of a judgment or order); Lauzon v. Strachan Shipping Co., 782 F.2d 1217, 1220 (5th Cir.1985) (refusing to apply mailbox rule to period under Longshore and Harbor Workers' Compensation Act that ran from filing of order).

. Beyond forbidding the motion for reconsideration, Texas state laws and rules simply fail to regulate it. Analogous state law sources as varied as those regulating review by the Court of Criminal Appeals, Tex.Code of Crim. P. art. 11.017; the issuance of the mandate, Tex.R.App. P. 18.1; the filing of the mandate; Tex.R.App. P. 18.6; post-conviction ap *263 plications for habeas corpus, Tex.R.App. P. 73; and judgments of the Court of Criminal Appeals, Tex.R.App. P. 78, might be applied. Criminal cases opining on when Texas cases cease to pend on direct appeal might also have persuasive force. E.g., Ex Parte Thomas, 953 S.W.2d 286, 289 (Tex.Crim.App.1997). The parties found the sources so conflicting and marginally relevant that they recommended certification to the Texas Court of Criminal Appeals, a course of action we find unnecessary.

. Lockett v. Anderson, 230 F.3d 695, 711 n. 27 (5th Cir.2000); Trevino v. Johnson, 168 F.3d 173, 181 n. 3 (5th Cir.1999) ("Because they are inadequately argued, we consider these issues waived.”); East v. Scott, 55 F.3d 996, 1007 n. 8 (5th Cir.1995) ("Because East does not brief these arguments on appeal, we deem them abandoned.”).

. See, e.g., 28 U.S.C. § 2254(a); see also Moseley v. French, 961 F.Supp. 889, 893 (M.D.N.C.1997) ("Nor is the limitation period tolled because of petitioner’s motion for court appointed counsel.”), rev’d on other grounds sub nom. Taylor v. Lee, 186 F.3d 557 (4th Cir.1999), cert. denied, 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000).

. Even assuming, arguendo, that Lookingbill did not waive this argument, it fails, because the Texas Code of Criminal Procedure does not require the state in any way to assist petitioners in filing their federal habeas petitions. See TEX. CODE CRIM. PROC. ANN. art. 11.071 § 2(e) (Vernon 2000). Lookingbill cites no provision mandating that the state appoint him counsel for his federal habeas action. Consequently, this claim lacks merit. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

. See Fisher, 174 F.3d at 714 (noting that ignorance of AEDPA's limitations period is no excuse for filing an untimely federal habeas petition); cf. United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993) (noting that pro se status does not excuse an untimely filed federal habeas petition).

.Fisher, 174 F.3d at 712, 715-16 (refusing to toll statute of limitations for seventeen days despite prisoner’s confinement in psychiatric ward without access to glasses or legal materials); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999) (refusing equitable tolling where petitioner missed deadline by only a “few days”), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000).

. Ott, 192 F.3d at 512 (four days late); Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir.1999) (two weeks late); Fisher, 174 F.3d at 712 (seventeen days late); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir.) (twenty-one days late), cert. denied, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).