# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1791

_____

Douglas Beery,                          *
                                        *
                Appellant,              *   Appeal from the United States
                                        *   District Court for the Southern
        v.                              *   District of Iowa.
                                        *
John Ault,                              *
                                        *
                Appellee.               *

_____

Submitted:   December 9, 2002

Filed:   December 16, 2002

_____

Before McMILLIAN, FAGG, and BYE, Circuit Judges.

_____

FAGG, Circuit Judge.

Douglas Beery brought this 28 U.S.C. § 2254 habeas petition challenging his Iowa convictions for first-degree murder and assault with intent to commit serious injury. The State of Iowa, through warden John Ault, moved to dismiss the petition as untimely. The district court[*] granted the motion, and Beery appeals. We affirm.

_____

[*]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Beery's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). As applicable here, the limitations period runs from the date on which Beery's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. Id. § 2244(d)(1)(A). The statute of limitations is tolled, however, while "a properly filed application for State post-conviction . . . review . . . is pending." Id. § 2244(d)(2). The term "pending" includes the interval between the trial court's denial of postconviction relief and the timely filing of an appeal from the denial, Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000), but not the time between the date direct review concludes and the date an application for state postconviction relief is filed, Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

In Beery's case, the limitations period began to run on January 2, 1998, ninety days after the October 3, 1997 denial of further review by the Iowa Supreme Court. See Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). Beery did not complete his habeas petition until June 28, 2001. The clerk's office received it on July 2, 2001 and file stamped it on July 16, 2001. Giving Beery the benefit of the June 28 date, he was 908 days past the one-year limitations period. Beery's state postconviction action was pending for 779 days (from April 6, 1999 when the pro se application was filed in state district court until May 24, 2001 when procedendo issued). When the 779 days are subtracted from the 908 days, Beery was still 129 days late in filing his habeas petition.

Beery does not dispute these calculations, but contends his state postconviction relief application should be deemed pending from March 4, 1998, when he filed a motion for appointment of attorney Alfredo Parrish as postconviction relief counsel. Beery contends Iowa statutory and case law provides that counsel shall be appointed to help a petitioner prepare his postconviction relief application. Hall v. State, 246 N.W.2d 276, 277 (Iowa 1976). The state district court denied the motion to appoint

Parrish on May 11, 1998. Although court-appointed counsel is available to a state postconviction relief applicant under Iowa Code § 822.5 (1997), a postconviction applicant may not select particular counsel, see State v. Williams, 285 N.W.2d 248, 254 (Iowa 1979). The court was "aware of no authority that would permit it . . . to appoint counsel for defendant as an indigent in a civil case which has not yet been filed." The court indicated Beery should file his postconviction relief proceeding pro se, with an attached application for appointment of counsel due to indigency. Beery did not file a general application for appointment of counsel until April 6, 1999, when he filed his pro se application for postconviction relief. The district court then promptly appointed counsel on April 12, 1999.

Even if we consider the March 4, 1998 motion as a general request for postconviction relief counsel, the request does not constitute "a properly filed application for State postconviction . . . review." 28 U.S.C. § 2244(d)(2). A properly filed application is one that meets all the state's procedural requirements. Lookingbill v. Cockrell, 293 F.3d 256, 260-61 (5th Cir. 2002). Courts interpret the words "properly filed" narrowly. Id. at 260. The Iowa statute states, "A proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place." Iowa Code § 822.3 (1997). The application must set forth certain facts. Id. § 822.4.

Iowa courts have not held postconviction proceedings begin with a motion for appointment of counsel. On the contrary, when applying Iowa's three-year statute of limitations for filing postconviction relief actions, Iowa courts look to the date the inmate filed the application rather than the date the inmate sought appointment of counsel. See Dible v. State, 557 N.W.2d 881, 883 (Iowa 1996). Iowa district courts have treated incorrectly captioned matters requesting appointment of counsel as applications for postconviction relief, e.g., Furgison v. State, 217 N.W.2d 613, 614 (Iowa 1974), but Beery's motion for appointment of Parrish as state postconviction

counsel does not contain the information required by § 822.4 for postconvictions petitions.

Further, there is no federal precedent for treating a motion for appointment of counsel as a properly filed application for postconviction relief. Based on the language of § 822.3, a federal district court has held a motion for appointment of postconviction counsel in Iowa does not toll the limitations period in § 2244(d)(1). Goosmann v. Iowa, No. 01CV-4053, 2001 WL 34008722, at *6 (N.D. Iowa 2001). In addition, the Fifth Circuit has held that filing a motion for appointment of federal habeas counsel is not the functional equivalent of filing a habeas petition. Lookingbill, 293 F.3d at 263. We conclude a motion for appointment of postconviction counsel in Iowa does not toll the AEDPA's one-year limitations period.

Beery also asserts the AEDPA's one-year statute of limitations must be equitably tolled because of intentional misrepresentation and ineffective assistance by Parrish. Parrish represented Beery in his state appeals, and Beery asked Parrish to represent him in postconviction proceedings, suggesting several issues. On October 23, 1997, Parrish wrote to Beery stating, "We will file a Post Conviction in your case. I am in the process of preparing the Application. It will take from sixty (60) to ninety (90) days. Once it is prepared, I will contact you." On February 13, 1998, Parrish wrote to Beery again, stating he was attempting to get the court to appoint him to represent Beery in his postconviction action. Parrish included an affidavit of financial condition, and asked Beery to sign and return it. Parrish then filed the motion for appointment of counsel on March 4, 1998. The district court denied the motion on May 11, 1998, and Parrish informed Barry he had not been appointed as counsel on November 12, 1998.

The statute of limitations in § 2244(d) may be equitably tolled. Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). "'Equitable tolling is proper only when

extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time,'" id. (quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)), or when the State prevents the prisoner from taking more timely action, id. at 807. Here, Beery does not contend the State prevented him from acting more quickly. We thus consider whether Parrish's actions or lack thereof constitute extraordinary circumstances requiring us to toll the habeas statute of limitations.

Ineffective assistance of counsel generally does not warrant equitable tolling. E.g., Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000); Taliani v. Charans, 189 F.3d 597, 598 (7th Cir. 1999). Counsel's false representation that a habeas petition has been filed may warrant equitable tolling, United States v. Wynn, 292 F.3d 226, 228-30 (5th Cir. 2002), however, Parrish never told Beery he had actually filed a postconviction relief application. Parrish first told Beery he was preparing a postconviction application, then clarified that he was trying to get appointed to represent Beery in a postconviction action. Although the record does not explain why it took Parrish so long to notify Beery of the court's refusal to appoint him, we cannot say Parrish's actions made it impossible for Beery to file a federal habeas petition on time. Beery knew Parrish did not file an application for postconviction relief within ninety days, but instead filed only a motion for appointment of counsel. Beery knew the Iowa district court was not acting on his motion for counsel. From May 8, 1998, to November 12, 1998, Beery took no action to ensure his postconviction action was on file and proceeding. Beery then waited nearly another four months to file his postconviction application. Like the district court, we conclude no extraordinary circumstance beyond Beery's control prevented him from filing a timely habeas petition.

Because Beery's motion for appointment of counsel did not toll the statute of limitations and Beery does not satisfy the strict requirements for equitable tolling, the federal habeas limitations period ran uninterrupted from January 2, 1998, until January 2, 1999. Beery's federal habeas petition filed in 2001 was too late. We thus

affirm the district court's denial of Beery's habeas petition as untimely.  We deny the State's motion to strike Parrish's letters from the record as unauthenticated because they were considered by the district court in its ruling.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.