IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10624
Summary Calendar

_____

LARRY DON MCCLARAN,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-416-C
--------------------
January 14, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Larry Don McClaran, Texas inmate #883140, pleaded guilty to

capital murder in 1999, and was sentenced to life imprisonment.

McClaran appeals the dismissal of his 28 U.S.C. § 2254 petition

as barred by the 28 U.S.C. § 2244(d) statute of limitations.  We

granted McClaran a certificate of appealability on the issue of

equitable tolling.

McClaran contends that under the mailbox rule, his state

habeas application should be considered filed on the date that he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

submitted it to prison authorities for mailing. This argument is foreclosed. In determining tolling under 28 U.S.C. § 2244(d)(2), we look to the actual state-court filing date of a state application for habeas relief. See Coleman v. Johnson, 184 F.3d 398, 401-02 (5th Cir. 1999).

McClaran also argues that he is entitled to equitable tolling for the time between the mailing and filing of his state application and for the time between the denial of his application and his receipt of notification of that denial. Equitable tolling for the delays attendant at both ends of his state application is not warranted because McClaran has not shown that the running of the mailing times in his case constituted a "rare and exceptional" circumstance entitling him to equitable tolling. See Lookingbill v. Cockrell, 293 F.3d 256, 261-62 (5th Cir. 2002), petition for cert. filed, (U.S. Sept. 17, 2002) (No. 02-6969); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000). McClaran does allege that he was prevented from filing his application sooner but we will not consider this allegation as it is raised for the first time in McClaran's reply brief. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989). The district court did not abuse its discretion in dismissing McClaran's 28 U.S.C. § 2254 petition as time-barred. See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

AFFIRMED.