United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-20443
Summary Calendar

————————————————

CHAVEZ D. PRICE,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
KEN LEVI; TONI TRIPLETT,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-4221
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Chavez D. Price, Texas prisoner # 821134, appeals from the

dismissal of his 28 U.S.C. § 2254 petition in which he challenged

the 1997 revocation of his probation, which had been imposed

following his 1995 conviction for aggravated assault.  The

district court dismissed Price's petition as time-barred under

the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. § 2244. The district court issued Price a certificate of appealability ("COA") on the timeliness of his petition. We review de novo a district court's denial of a federal habeas petition on procedural grounds. See Lookingbill v. Cockrell, 293 F.3d 256, 260 (5th Cir. 2002), cert. denied, 123 S. Ct. 878 (2003).

The district court held that Price's conviction became final, and the federal limitations period began, upon the expiration of the 30-day period under state law to file a timely petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals. Price argues that his conviction did not become final until much later when the Texas Court of Appeals issued its mandate. He argues further that after the state appellate court denied his direct appeal, it issued a notice to disregard the decision and permitted him to file a supplemental brief.

Price's conviction became final at the conclusion of the 30-day period for filing a PDR, not when the state court issued its mandate. See Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003). Based on our review of the state record, we conclude that the district court did not err in finding Price's petition time-barred. See 28 U.S.C. § 2244(d). Price's motion to supplement the record is DENIED.

AFFIRMED. MOTION DENIED.