# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2497

_____

Roger Scott Sellers,                                  *
                                                      *
                    Appellant,                        *
                                                      *   Appeal From the United States
          v.                                          *   District Court for the
                                                      *   Southern District of Iowa.
Jerry Burt, Warden,                                   *
                                                      *           [UNPUBLISHED]
                    Appellee.                         *

_____

Submitted:  February 15, 2006
Filed:  February 22, 2006

_____

Before RILEY, HEANEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

        Roger Scott Sellers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Iowa state-court conviction for first-degree murder. The district court[1] denied the petition as untimely. Sellers appeals, arguing that the district court erred by failing to equitably toll his filing deadline such that his petition would be considered timely, and by failing to grant a continuance so that his appointed counsel had more time to review the discovery provided by the state. We affirm.

_____

        [1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

## BACKGROUND

On May 12, 1997, Sellers was convicted of first-degree murder in Iowa state court. Sellers's conviction was affirmed by the Iowa Court of Appeals on February 24, 1999, and the Iowa Supreme Court denied review on May 14, 1999. On January 27, 2000, Sellers petitioned for post-conviction relief in state court. His petition was dismissed, and Sellers appealed. The Iowa Court of Appeals affirmed on February 28, 2003, and review was denied by the Iowa Supreme Court on May 23, 2003.

On January 27, 2004, Sellers filed a pro se petition for habeas relief in district court. The state responded by filing a motion to dismiss, noting that Sellers's petition was filed outside the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). According to the state, excluding the time during which Sellers's direct and post-conviction proceedings were pending, Sellers's petition was filed 411 days after his conviction became final.

Sellers did not dispute the state's calculations, but instead asked the district court to equitably toll his petition. Sellers asserted that he diligently pursued documents in support of his habeas petition from his post-conviction counsel, but that she failed to provide him with the information he requested. Sellers also sought a continuance from the district court so that his appointed counsel would have an opportunity to review 1,150 pages of documents recently provided by the state.

The district court accepted Sellers's claims that his post-conviction counsel failed to respond to him or provide him any documents as true, but nonetheless dismissed the petition as untimely. According to the district court, no extraordinary circumstances beyond Sellers's control kept him from timely filing his petition. The dismissal of Sellers's petition as untimely effectively mooted his request for additional time to review the state's discovery. This appeal followed.

## ANALYSIS

Both parties agree that Sellers filed his § 2254 petition outside of the one-year limitations period, and thus it will be considered time-barred unless the statute of limitations is equitably tolled. In our circuit, equitable tolling is available for habeas petitions where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). Where, as here, the district court grants or denies equitable tolling based on accepted or undisputed facts, we review that decision de novo. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005); Jihad v. Hvass, 267 F.3d 803, 806 n.3 (8th Cir. 2001).

Sellers asserts that he could not timely file a habeas petition because his state post-conviction attorney failed to communicate with him and did not send his case file. We have held that "[i]neffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002); accord Martin, 408 F.3d at 1093 ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard."). Having carefully reviewed the record of this case, we find nothing that would permit us to depart from our general rule here.

Sellers seems to accept that he cannot prevail under our circuit's "extraordinary circumstances" approach to determining whether equitable tolling ought to apply to a habeas petitioner. (See, e.g., Appellant's Br. at 10 ("The equitable tolling law in the Eighth Circuit . . . is not cited here.").) Rather, he urges us to abandon our precedent and instead adopt the Sixth Circuit's framework. See, e.g., Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001) (considering five factors in order to determine whether a petitioner is entitled to equitable tolling). We decline to accept Sellers's invitation to adopt the Sixth Circuit position. It is axiomatic that one panel of the circuit is not at liberty to overrule another, see, e.g., Singleton v. Norris, 108 F.3d 872,

-3-

873 (8th Cir. 1997), and that is precisely what we would have to do by substituting the Sixth Circuit's five-factor analysis for our "extraordinary circumstances" approach.

Sellers asserts that the Supreme Court's recent opinion in Rhines v. Weber, 125 S. Ct. 1528 (2005), effectively rejects the "extraordinary circumstances" approach to equitable tolling. We disagree. Rhines did not involve equitable tolling; it concerned what federal courts should do when presented with habeas petitions that contain both exhausted and unexhausted claims. 125 S. Ct. at 1531. Justice O'Connor, writing for the Court, recognized that given the one-year statute of limitations for federal filings, a habeas petitioner who presents a mixed petition is put in a quandary: if the federal court dismisses the petition so that the person can litigate the unexhausted claims in state court, the clock will tick on those claims that are already ripe for federal action; but if the court considers only the exhausted claims, the petitioner might be losing a chance for relief on meritorious (but unexhausted) claims. Id. at 1533. Thus, the Court instituted a "stay and abeyance" procedure, where, if the petitioner can show good cause for failing to exhaust the unripe claims, the federal district court is permitted to stay the federal habeas proceeding (which stops the statute of limitations clock) and let the petitioner litigate the unexhausted claims in state court. Id. at 1535.

Rhines does not overrule, either explicitly or implicitly, our "extraordinary circumstances" approach to equitable tolling. It is about exhaustion of habeas claims and how district courts should handle those issues. There is no argument in Sellers's case that he was late in filing because he was attempting to exhaust his state-court claims. We adhere to our prior decisions on equitable tolling, and accordingly affirm the district court's holding that Sellers's petition was untimely.

Sellers also argues the district court erred in denying his request for a continuance to review the state's discovery. District courts possess "broad discretion" in determining whether to grant a continuance, Morris v. Slappy, 461 U.S. 1, 11

(1983), and we review the denial of a motion to continue for an abuse of that discretion, <u>United States v. Yockel</u>, 320 F.3d 818, 827 (8th Cir. 2003). In considering whether a continuance is warranted, the court must consider: (1) the nature of the case and whether the parties have had adequate time to prepare, (2) diligence of the moving party, (3) whether the opposing party's actions have contributed to the need for a continuance, (4) whether the delay will seriously affect the case, and (5) the reason given for the need to continue matters. <u>Yockel</u>, 320 F.3d at 827.

The specific reason given by Sellers for his continuance request disposes of this claim of error. He asserted that he needed additional time to review the state's discovery so that he could find more support for his equitable tolling argument. The district court, however, accepted his assertions in support of equitable tolling that his previous lawyer failed to communicate or grant him access to case files. Since the district court assumed all of the facts in Sellers's favor, he was not prejudiced by the failure to grant a continuance that he requested solely to find support for his claims.

## CONCLUSION

For the reasons stated above, we affirm the district court.

_____