# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3642

_____

Jesse James Jackson,             *
                                  *

      Petitioner-Appellant,     *

                                  *      Appeal from the United States

    v.                     *      District Court for the Southern

                                  *      District of Iowa.

John F. Ault,              *

                                  *

      Respondent-Appellee.    *

_____

Submitted: May 15, 2006
Filed: June 21, 2006

_____

Before MURPHY, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Jesse Jackson was convicted of murder in 1997 under Iowa law, and his conviction was affirmed the following year. He requested post conviction counsel on March 15, 1999, but did not file his application for relief until January 16, 2001. After his application was disposed of in state court, Jackson filed this federal habeas petition on February 24, 2004. The district court[1] dismissed his petition as untimely, and Jackson appeals. We affirm.

_____

[1]The Honorable Ronald Longstaff, United States District Judge for the Southern District of Iowa.

Petitioner Jesse Jackson was convicted of first degree murder in January 1997. The Iowa Court of Appeals affirmed his conviction in July 1998, and the Iowa Supreme Court denied further review in December of that year. He then filed an application for post conviction counsel on March 15, 1999 and later a post conviction relief application on January 16, 2001. The state trial court denied the application for relief and the Iowa Court of Appeals affirmed on May 29, 2003. The Iowa Supreme Court denied further review on August 14, 2003.

Jackson filed this habeas corpus petition in the federal district court on February 24, 2004. The district court dismissed Jackson's petition because it had not been filed within the one year limitations period in 28 U.S.C. § 2244(d)(1). The court granted a certificate of appealability, and Jackson appeals and asks that his petition be reinstated and remanded for consideration of the merits.

Jackson complains that the district court erred in dismissing his petition as untimely. He argues that under Iowa law his application for post conviction counsel qualifies as a properly filed application for post conviction relief and thus stopped the running of the one year federal statute of limitations. The government responds that his application for post conviction counsel is not a properly filed application under 28 U.S.C. § 2244(d)(1) and that the dismissal should be upheld. We review the district court's legal conclusions de novo and its factual findings for clear error. Snow v. Ault, 238 F.3d 1033, 1034 (8th Cir. 2001).

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post conviction relief is pending tolls the limitation period, however. 28 U.S.C. § 2244(d)(2).

The parties disagree about when the limitations clock began to run in this matter. Jackson contends that the trigger date was April 1, 1999, which he says was the last day of the ninety day period to seek a writ of certiorari. The state argues that the clock began to run on March 23, 1999, which it says is ninety days after the Iowa Supreme Court denied rehearing on Jackson's application for relief.[2] This disagreement makes no difference because regardless of which of the dates is used to start the one year period, Jackson's application for post conviction relief was not within the one year AEDPA limitations period since it was not filed until January 16, 2001. It does not matter that Jackson's application for post conviction counsel was within the limitations period or that his state post conviction relief application was timely filed under Iowa state law. See Iowa Code § 822.3. The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired. See Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

Whether a prisoner's application for post conviction counsel is a properly filed application for state post conviction relief under § 2254(d)(1) is not a new question for this court. In Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), we held that a "request for post conviction relief counsel...does not constitute a properly filed application for State post conviction...review." Beery came to this court under virtually the same circumstances as this case. It dealt with the same issue, under the same law, from the same state jurisdiction, and we think it controls this dispute.

Jackson recognizes that Beery is an obstacle to his appeal, but he urges that the court reconsider the holding in that case. He argues that the Beery panel erred in its

---

[2]The state is correct that the limitations clock would start to run ninety days after the state supreme court denied rehearing, see Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), but there appears to be some confusion as to when that occurred. The district court states that rehearing was denied on December 31, 1998, but the record reveals that the state is correct. See State v. Jackson, Sup. Ct. No. 256/97-334 (filed Dec. 23, 1998).

interpretation of both § 2254(d)(1) and Iowa law. Our long standing rule is that one panel may not overrule an earlier decision by another. Burns v. Gammon, 173 F.3d 1089, 1090 n.2 (8th Cir. 1999). Only the court en banc has the power to take such action, Brown v. First Nat'l Bank in Lenox, 844 F.2d 580, 582 (8th Cir. 1988), and Jackson urges us to advocate that it do so.

Even if we were able to reconsider an earlier panel decision, we would decline to hold in Jackson's favor. In Beery we noted the lack of federal precedent on the issue before the court, Beery, 312 F.3d at 951, but subsequently the Supreme Court has held that a motion requesting post conviction counsel is not a properly filed petition for § 2254(d)(1) purposes because it does not call for a decision on the merits. Woodford v. Garceau, 538 U.S. 202, 207 (2003). Moreover, an application for relief must comply with all state procedural requirements in order to be properly filed, Lookingbill v. Cockrell, 293 F.3d 256, 260-61 (5th Cir. 2002), and Jackson's application for counsel does not. Under the Iowa post conviction relief statute, the purpose of making legal counsel available to the petitioner is to help in preparing the post conviction relief application, Hall v. State, 246 N.W.2d 276, 277 (Iowa 1976); Iowa Code §822.5, and such an application for counsel is not intended to qualify as a properly filed application for post conviction relief.

The distinction between an application for post conviction counsel and an application for post conviction relief is made clear by the Iowa Code description of how a prisoner is to commence post conviction relief proceedings. In order to apply for post conviction relief the statute requires more than merely a request for counsel, for a verified application must be filed with the clerk. Iowa Code § 822.3. In addition, the application for post conviction relief must contain particularized facts "upon which the application is based." Iowa Code § 822.4. Jackson's application for counsel simply stated "I am starting my PCR, and I need counsel in order to help me file correctly." This is hardly sufficient under Iowa law to constitute a properly filed petition for post conviction relief. See Voravongsa v. Wall, 349 F.3d 1, 4-6 (1st Cir. 2003) (request for

counsel was not a request for post conviction relief under Rhode Island statute, which is analytically similar to Iowa's).  We therefore conclude that Jackson's request for post conviction counsel does not toll the statute of limitations under § 2254(d)(1).

Nor does Jackson's claim qualify for equitable tolling.  Equitable tolling is only appropriate if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).  The need for post conviction counsel is only a typical "obstacle[] faced by many if not most habeas petitioners." Jihad v. Hvass, 267 F.3d 803, 805-07 (8th Cir. 2001).  We do not consider an attempt to obtain counsel to be the type of extraordinary circumstance that would act to toll the AEDPA statute of limitations. Beery, 312 F.3d at 951-52; see also Lookingbill, 293 F.3d at 263; Isaacs v. Head, 300 F.3d 1232, 1238-39 n.1, 1245 (11th Cir. 2002).

We conclude that an Iowa application for post conviction counsel does not toll the statute of limitations period under 28 U.S.C. § 2244(d)(1). Accordingly, we affirm the judgment of the district court dismissing Jackson's petition as untimely.

_____