# IN THE COURT OF APPEALS OF IOWA

No. 3-1246 / 13-0203
Filed March 12, 2014

**DOUGLAS PAUL BEERY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

Douglas Beery appeals the district court's ruling dismissing his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Benjamin M. Parrott, Assistant Attorney General, John P. Sarcone, County Attorney, and David Porter, Assistant County Attorney, for appellee State.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

Douglas Beery appeals the district court's ruling dismissing his application for postconviction relief. Beery's claim of newly-discovered evidence does not warrant a new trial. We affirm.

**I. Scope of Review.**

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012) (internal quotation marks and citation omitted). We must "affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). "Where the applicant alleges constitutional error, our review is de novo in light of the totality of the circumstances and the record upon which the postconviction court's rulings were made." *Perez*, 816 N.W.2d at 356 (quotation marks, citation, and corrections omitted).

**II. Background Facts.**

In April 1996, Beery was convicted of first-degree murder and assault with intent to inflict serious injury stemming from an incident occurring in October 1995, which we have previously described:

> Beery, his brother and several others, after having been asked to leave a bar for causing a disturbance, began fighting. During the fracas, two passing vehicles were kicked by Beery or his brother. After having her car kicked, Dawn Ray returned with her husband, Jackie, and three other men. A brawl ensued and Beery pulled his knife. He stabbed one individual, Dennis Link, four times, including a fatal wound to the chest. He also stabbed Jackie Ray in the chest.

*Beery v. State*, 0-797, 2001 WL 98382, at *1 (Iowa Ct. App. Feb. 7, 2001).

This court affirmed his conviction on direct appeal. *See id.* Further review was denied by the Iowa Supreme Court on October 3, 1997. *See Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002) (concluding Beery's habeas petition was untimely).

In 1999, Beery filed an application for postconviction relief (PCR), asserting trial counsel was ineffective. *Beery*, 2001 WL 98382, at *1. We rejected Beery's ineffectiveness claim,[1] and affirmed the district court's dismissal of the PCR application. *Id.* at * 2.

Beery filed a second application for postconviction relief on November 9, 2010, asserting, among other things, newly-discovered evidence entitled him to a new trial. He urged the newly-discovered evidence would have bolstered his justification defense upon which he relied at trial. The State filed a motion to dismiss, asserting the second application is barred by the three-year limitations period of Iowa Code section 822.3 (2009).[2] The district court did not rule on the

---

[1] Beery contended trial counsel should have sought a hearing to determine if Beery's criminal history would have been admissible had he chosen to testify. We observed:

> Beery's attorney testified at the post conviction relief hearing that he advised Beery not to testify on his own behalf for several reasons, including the felony convictions in his background, knowledge of Beery's involvement in another recent violent incident with a baseball bat, and Beery's behavior that night in stabbing his own brother prior to the fatal stabbing of Link. In addition to this information, Beery's attorney testified he knew of no reason Beery's criminal history would have been ruled inadmissible at trial. Iowa Rule of Evidence 609 allows prior felony convictions to be admitted to impeach a defendant if the felony involves the veracity of the defendant. Beery's criminal history included two prior burglary convictions and a theft conviction. . . . Trial counsel did not breach an essential duty when the status of the law would clearly indicate Beery's criminal history would have been admitted into evidence, subjecting his testimony to impeachment. Trial counsel is not ineffective in failing to pursue a meritless issue.

*Beery*, 2001 WL 98382, at *2.

[2] Section 822.3 provides in pertinent part,

> [A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground

motion for summary disposition; rather, the matter proceeded to trial. In support of his newly-discovered-evidence claim, Beery presented the deposition of Melvin Freeborn and testimony from Beery and his trial counsel.

On January 30, 2013, the district court concluded the applicant's claims "with the possible exception of the claim of newly discovered evidence" were barred by section 822.3. The court summarized:

> Beery's newly-discovered evidence consists of the testimony of Melvin Freeborn, which is as follows: Freeborn is from Des Moines and, although he knew of Beery at the time of Beery's crime, they did not associate. Freeborn was imprisoned in 2002 and that is when he met Beery and the two started "hanging out and talking." Despite this, it was not until six years later, in 2008, that Freeborn learned why Beery was in prison. When he learned that Beery had been convicted of killing Dennis Link, Freeborn remembered the event. He remembered the incident because he had been at a tattoo parlor (that was in an old bus sitting on his cousin's property) on the early morning of the killing when Dawn Ray showed up. (It was Dawn Ray's car that Beery or his brother had kicked as she left the tavern where the fracas had erupted after Beery and his brother were ejected and near where the victim, Dennis Link, was later stabbed and killed by Beery.) Dawn Ray came into the bus yelling to her husband, Jackie Ray, who was also at the bus, that someone had kicked her car. That is when another individual who was at the bus, Bobby Palmer, said: "well, let's just go kick their butts." Dawn, her husband Jackie, and Bobby Palmer then left the bus to get in their cars and head back to the bar. As they left, the victim, Dennis Link, pulled up in his car. They all stopped and talked to him for a moment. Then the Rays, Palmer and Link left, all in separate cars, heading back toward the bar. Later, Freeborn heard on the news that Dennis Link had been stabbed to death but he did not know that Beery had been accused of the crime. He did not talk to police about what he had observed the night before because he didn't think it was any of his concern; or because he was "a bad guy back then" and so wasn't "going to go to the cops"; or because he didn't know who to go to, depending on which of those three answers to that question he gave in his deposition is to be believed.

---

of fact or law that could not have been raised within the applicable time period.

Beery's trial counsel, Wesley Dunbar testified that his investigator tried to locate witnesses or evidence to support Beery's justification defense. Dunbar stated that he never heard the name of Freeborn or his wife until this hearing. He also testified that he remembered there were only three witnesses to the alleged stabbing—Beery, the victim, and a woman named Kelly Milani. Dunbar stated that Milani's statement to police, which was played for the jury, provided evidence to support the self-defense claim, but he could not use her at trial because he discovered on the eve of the trial that she was in a relationship with Beery. Dunbar testified that additional witnesses would have been helpful to Beery's case, especially evidence regarding the demeanor of the alleged victim.

The district court denied the application for postconviction relief, finding Freeborn's evidence was merely cumulative or impeaching and would not probably change the result of the trial. Beery appeals.

**III. Discussion.**

An applicant alleging newly-discovered evidence entitles him to a new trial must show: (1) the evidence was not discovered until after judgment; (2) the evidence could not have been discovered earlier through the exercise of due diligence; (3) the evidence is material to the issue, not merely cumulative or impeaching; and, (4) it would probably change the result if a new trial is granted. *Harrington*, 659 N.W.2d at 520. As to the second element, the district court determined the credibility of Freeborn's testimony was highly suspect. We agree with the district court that Beery has failed to establish at least the third and fourth elements listed. Beery's defense hinged upon Link's actions or statements at the scene of the fight leading to Beery's use of lethal force. Freeborn offered

nothing relevant to the murdered person's (Link's) demeanor, statements, or actions; heard nothing that was said by Ray or Palmer to Link; and was not present at the scene of the murder. We find no error in the district court's finding that Freeborn's testimony would probably not change the result if a new trial was granted. We therefore affirm.

**AFFIRMED.**