Bert VOISINE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–93–01035–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 1994.

Kathleen Collins, Galveston, for appellant.

B. Warren Goodson, Jr., Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Bert Voisine, appeals his judgment of conviction for the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1994). Appellant pled guilty to the indictment and the jury assessed punishment at fifteen (15) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We

reverse and remand this cause for a new punishment hearing.

In his sole point of error, appellant asserts that the Court improperly allowed evidence of an extraneous unadjudicated offense during the punishment phase of trial.

Appellant filed pre-trial motions which included Defendant's Motion in Limine. That motion requested the State prosecutor to approach the bench and inform the trial court of the State's intention to offer evidence of extraneous offenses. During the punishment phase, appellant reargued his motion in limine. Outside the presence of the jury, the State agreed not to introduce evidence of extraneous offenses committed by appellant in the presence of the jury.

Later in the punishment phase, the State called Sam Valenti to testify. Valenti's testimony was for the purpose of offering evidence that appellant had committed an extraneous unadjudicated offense, to-wit: another aggravated robbery, committed on February 19, 1993 at the Bayshore National Bank in Seabrook, Texas. Prior to presenting evidence of the extraneous unadjudicated offense, the trial court ordered the jury removed from the courtroom. Outside the presence of the jury, the State offered evidence of the extraneous offense. Appellant's trial counsel timely objected to the State's evidence. After hearing argument by appellant's trial counsel and the State prosecutors, the trial court overruled appellant's objection. The jury was returned to the courtroom and the punishment hearing proceeded. In front of the jury, the State again offered evidence of the same extraneous unadjudicated offense. Appellant again objected to the admission of the extraneous offense. The trial court overruled appellant's objections.

The date of the offense in the indictment in this case is April 15, 1993. The State offered evidence showing the date of the offense in this case to be April 15, 1993. The record reveals the trial of this case took place on September 16th and 17th, 1993.

Appellant's sole complaint contends unadjudicated extraneous offenses are not admissible in evidence against a defendant at the punishment trial of a noncapital case.

*Grunsfeld v. State,* 843 S.W.2d 521 (Tex. Crim.App.1992). At trial, the State contended article 37.07, section 3(a) of the Texas Code of Criminal Procedure allowed the admission of unadjudicated extraneous offenses at the punishment trial of a noncapital case. TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 3(a) (Vernon 1994).

■ A review of the legislative history of article 37.07, section 3(a) of the Texas Code of Criminal Procedure reveals article 37.07, section 3(a) was changed by the Seventy–Third Legislature effective September 1, 1993. Tex.S.B. 1067, 73rd Leg., R.S. (Vernon's Tex. Session Law Service 1993, No. 11, pgs. 3589, 3762–3764). Prior to September 1, 1993, unadjudicated extraneous offenses were not admissible at the punishment trial of a noncapital case. After the September 1, 1993 change in article 37.07, section 3(a) of the Texas Code of Criminal Procedure, unadjudicated extraneous offense are admissible at the punishment trial of a noncapital case.

The question here is whether or not unadjudicated extraneous offenses are admissible at a punishment trial of a noncapital case when the offense was committed before September 1, 1993, but the trial for that criminal offense took place after September 1, 1993.

■ We hold that the trial court and the State trial prosecutor were in error on this issue. The Seventy–Third Legislature specifically stated in Section 5.09(a) of S.B. No. 1067 that the change in the law regarding this question applies only to an offense committed on or after the effective date of the change. The effective date of the change in question was September 1, 1993. Tex.S.B. 1067, 73rd Leg.R.S. (Vernon's Tex. Session Law Service 1993, No. 11 pgs. 3763, 3764).

■ The trial court improperly admitted evidence of an unadjudicated extraneous offense in a trial for an offense committed before September 1, 1993. Appellant was harmed by the trial court's error. Appellant had filed a Sworn Motion for Probation, and probation was sought by appellant during the punishment phase of this trial. In addition, the State argued the extraneous offense during their closing argument in the punishment phase.

We hold that appellant was harmed by the admission of evidence of this extraneous offense before the jury because we cannot determine beyond a reasonable doubt that this error made no contribution to the punishment assessed by the jury. Appellant's sole point of error is sustained.

The judgment of the trial court is reversed and the cause remanded to the trial court for a new punishment hearing.