11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Johnny Robert Monroe Henry

Appellant

Vs.                   No.  11-03-00242-CR C
Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury convicted Johnny Robert Monroe Henry of
aggravated sexual assault of a child and assessed his punishment at confinement
for life and a $10,000 fine.  We affirm
the conviction and reverse and remand as to punishment.

There is no challenge to the sufficiency of the
evidence.  Appellant=s granddaughter, the victim, testified
at trial that in March 1990, when she was seven years old, she went to stay
with appellant and her grandmother.  The
victim testified that, while she was staying at her grandparents= house, appellant came into the room
where she was sleeping and pulled down her underwear.  The victim said that appellant began Atouching and fondling@ her and then put his fingers inside of
her vagina.  The victim said that the
encounter lasted approximately 20 minutes and then appellant left. The next
morning, the victim noticed some blood in her underwear.  The victim put the underwear in her bag and
then hid them in her closet when she returned to her house.  The victim=s
mother found the underwear, but the victim told her mother that she used the
underwear to wipe some blood from her knee. 
The victim further testified that she was afraid of appellant because he
slept with a gun under his pillow and that her fear was one reason why she did
not tell.  The victim first told someone
about the incident in March 2002.  The
victim then eventually told her mother. 








In his first point of error, appellant argues that
the trial court erred in admitting evidence of 
unadjudicated extraneous offenses during the punishment phase of the
trial. The trial court held a hearing on appellant=s
motion in limine pertaining to extraneous offenses.  The trial court granted the motion as it
pertained to extraneous offenses against persons other than the victim in the
present case.  The trial court instructed
the State to notify the court outside of the presence of the jury of its intent
to offer extraneous offenses so that a determination of admissibility could be
made.  At the punishment phase of the
trial, the State offered the testimony of appellant=s
daughter and another granddaughter concerning unadjudicated extraneous
offenses.  The trial court ruled that the
evidence was admissible pursuant to TEX. CODE CRIM. PRO. ANN. art. 37.07, ' 3(a)(1) (Vernon Supp. 2004).

Johnnie Sue Henry Rogers, appellant=s daughter, testified at the punishment
phase of the trial that in 1952, when she was 11 years old, appellant fondled
her breasts and penetrated her vagina with his finger.  Rogers said that later appellant Apenetrated [her] with his penis.@ 
Rogers further testified that, after the initial encounter, the
incidents with appellant occurred weekly and continued for many years. 

Elizabeth Renee Rogers Walls, appellant=s granddaughter, testified that in 1969
when she was five years old, she went to appellant=s
house approximately once a week.  Walls
stated that, almost every time she visited appellant, he would kiss her with an
open mouth and fondle her breasts and vagina both on top of and underneath her
clothes.  Walls also testified that
appellant kept a gun under his pillow and that he told her Awouldn=t
it be bad if something were to happen to [her] with a gun.@ 
Walls stated that appellant moved out of state.  She testified that appellant moved back to
Texas in 1976, that he began fondling her again, and that he would Agrab [her] hand and put it down in his
groin area.@ 








Appellant argues that these unadjudicated
extraneous offenses were not admissible pursuant to TEX. CODE CRIM. PRO. ANN.
art. 37.07 (Vernon Supp. 2004) because the offense for which he was tried
occurred before September 1, 1993.  Prior
to September 1, 1993, evidence of unadjudicated extraneous offenses was not
admissible during the punishment phase of trials for noncapital offenses.  Grunsfeld v. State, 843 S.W.2d 521,
526 (Tex.Cr.App.1992).  Article 37.07,
section 3(a)(1) was amended to allow the admission of unadjudicated extraneous
offenses at the punishment phase of trial. 
Act of May 29, 1993, 73rd Leg., R.S., ch. 900, '
5.05, 1993 Tex. Gen. Laws 3759.  This
amendment to Article 37.07 applies only to trials for offenses committed on or
after September 1, 1993.  Act of May 29,
1993, 73rd Leg., R.S., ch. 900, ''
5.09 & 510, 1993 Tex. Gen. Laws 3760-61; Thomas v. State, 923 S.W.2d
611, 613 (Tex.App. ‑ Houston [1st Dist.] 1995, no pet=n); Voisine v. State, 889 S.W.2d
371, 372 (Tex.App. - Houston [14th Dist.] 1994, no pet=n).  The indictment alleged that appellant
committed the offense of aggravated sexual assault on or about March 15,
1990.  Therefore, the 1993 amendment to
Article 37.07 does not apply to the present case, and the evidence should not
have been admitted.  The testimony of
Rogers and Walls provided the jury with evidence that appellant had sexually
assaulted his family members for several decades.   We cannot find that such evidence was not
harmful to appellant.  TEX.R.APP.P.
44.2(b).  Appellant=s first point of error is sustained.

In his second point of error, appellant contends
that the trial court erred in admitting evidence of extraneous offenses,
wrongs, or bad acts during the guilt/innocence phase of the trial.  Appellant complains of two instances where
the trial court allowed evidence of extraneous offenses, wrongs, or bad
acts.  As previously noted, the trial
court granted appellant=s
motion in limine as it related to 
persons other than the victim in this case.  The trial court instructed the State to
notify the court before introducing any evidence of extraneous acts. 

During the direct examination of the victim=s mother, the State asked her how she
would describe appellant.  The victim=s mother responded:  A[M]ean.@ 
The victim=s mother
then stated that appellant was Averbally
abusive to [her] mother-in-law, was always picking at someone.@ 
Appellant objected that the conduct did not relate to the victim in the
case and was Ainappropriate
under the orders of the Court.@  The trial court overruled appellant=s objection.

On cross-examination of the victim=s mother, appellant=s counsel asked her whether her
mother-in-law would have tried to protect the children. The victim=s mother responded that she would try
but that she was a Abattered
woman.@  Appellant=s
counsel questioned the victim=s
mother about whether she had ever seen appellant physically abuse his wife.  The victim=s
mother stated that she never saw appellant hit his wife but that he would Apoke her in the ribs, or step on her
foot.@   








TEX.R.EVID. 404(b) provides that A[e]vidence of other crimes, wrongs or
acts is not admissible to prove the character of a person in order to show
action in conformity therewith.@   The testimony of the victim=s mother on direct examination of which
appellant complains does not relate to a specific instance of a bad act or
conduct.  Any evidence of specific bad
acts of appellant toward his wife was elicited on cross-examination.  Ethington v. State, 819 S.W.2d 854, 858
(Tex.Cr.App. 1991).   Appellant has not
shown that the trial court abused its discretion in allowing the testimony.
Powell v. State, 63 S.W.3d 435, 438 (Tex.Cr.App.2001).

Appellant next complains of the State=s question to the victim=s mother about whether she observed
appellant to be in a Acozy
relationship@ with a
much younger woman.  Appellant objected
that the question was Aoutside
of the Court orders requiring him to come before the Court@ and that it was Ainappropriate for this case.@ 
The trial court found that the question was not Aoutside
any order@ entered
at pretrial and allowed the victim=s
mother to answer the question.  The
victim=s mother
responded that she did observe the relationship between appellant and a much
younger woman and that, as a result, she had a conversation with her
daughter.  The trial court allowed the
victim=s mother
to Aanswer what she did in connection with
talking to her daughter.@  The trial court instructed the jury to Adisregard any testimony...about
[appellant] having a relationship with someone in their 20s.  The only reason I allowed that was for this
witness to say what she did in response to that.@


We find that the testimony that appellant was
observed in a Acozy
relationship@ with a
much younger woman does not relate a specific instance of a bad act or wrong as
contemplated by Rule 404(b).  Moreover,
the trial court instructed the jury to disregard the testimony concerning
appellant=s
relationship with the woman.  Ovalle
v. State, 13 S.W.3d 774, 783 (Tex.Cr.App.2000).  Appellant=s
second point of error is overruled. 
Because of our disposition of appellant=s
first point of error, we need not address his third point of error.
TEX.R.APP.P. 47.1.

The conviction is affirmed.  The judgment as to punishment is reversed,
and the cause is remanded for a new hearing on punishment. 

 

TERRY McCALL

JUSTICE

March 25, 2004

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.