# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00743-CR

**Lowell Bobby Watson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT
## NO. 2737, HONORABLE STEPHEN ELLIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lowell Bobby Watson pleaded guilty to three counts of aggravated sexual assault of a child. After a punishment hearing, the jury assessed sentence at fifty years in prison on each count. The trial court ordered the sentences to run concurrently. Appellant asserts that the trial court erred by admitting evidence of unadjudicated extraneous offenses because they were statutorily inadmissible as to one of the three offenses. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2009). Concluding that appellant failed to preserve this error by requesting a limiting instruction and that appellant has failed to show harm from the admission of this evidence, we affirm the judgment.

The three counts allege different means and dates of committing sexual assault of a child. The victim in all instances was appellant's daughter. The first count alleges that appellant penetrated her sexual organ with his penis on or about April 17, 1994. The second count alleges that

appellant caused her mouth to contact his penis on or about April 17, 1994. The third count alleges that appellant caused his finger to penetrate her sexual organ on or about April 17, 1992. Appellant pleaded guilty to all three counts. His guilt is not at issue on appeal.

At the punishment phase of the trial, the State offered testimony from a sheriff's deputy, the victim, and the victim's sister. The victim's testimony supported the allegations in the indictment. This appeal concerns testimony by the victim's sister about unadjudicated extraneous actions. The victim's sister testified that, when she was eight years old, appellant told her that her breasts were "developing nicely." The victim's sister also testified that, when she was fourteen or fifteen years old and taking a shower, appellant came into the bathroom, fondled her breast, and "stuck his tongue down [her] throat."

Appellant contends that the victim's sister's testimony was inadmissible because it concerned unadjudicated extraneous offenses in a trial concerning an offense occurring before September 1, 1993. The statute permitting admission of unadjudicated extraneous offenses in noncapital cases applies expressly to offenses occurring on or after the effective date of the statute—September 1, 1993. Act of May 29, 1993, 73d Leg., R.S., ch. 900, §§ 5.05, 5.09, 1993 Tex. Gen. Laws 3586, 3759-61; *see also Voisine v. State*, 889 S.W.2d 371, 372 (Tex. App.—Houston [14th Dist.] 1994, no pet.). Count three allegedly occurred on April 17, 1992, before the statute became effective. Appellant argues that reversal and remand are proper because, as in *Voisine*, it is not possible to "determine beyond a reasonable doubt that this error made no contribution to the punishment assessed by the jury." 889 S.W.2d at 372.

2

We review the admission of evidence for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). The trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id*. at 418. The trial court abuses its discretion if its decision to admit evidence lies outside the zone of reasonable disagreement. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). Even if the trial court erred in admitting evidence, the error is reversible only if it affected the defendant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). We consider the entire record in determining whether any error had a substantial and injurious effect or influence in determining the jury's verdict. *Morales*, 32 S.W.3d at 867.

When evidence that is admissible for one purpose but not admissible for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. However, in the absence of such request, the court's action in admitting the evidence without limitation shall not be a ground for complaint on appeal. *See* Tex. R. Evid. 105(a). The party opposing the general admission of evidence admissible for a limited purpose has the burden of requesting a limiting instruction. *See Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001). Once evidence is admitted without a proper limiting instruction, it may be considered for all purposes. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).

This case is not controlled by *Voisine*. In *Voisine*, the defendant was indicted and convicted of one offense that occurred before the effective date of the statute. *Id*. at 371. Here, the evidence indicates that the offense in count three (digital penetration) may have also occurred along with the other sexual assaults that occurred after the effective date of the statute. Further, the first

3

two counts of the indictment in this case allege offense dates that are undisputedly after article 37.07, section 3(a) changed. Appellant does not argue that the first two counts to which he pleaded guilty occurred before the effective date of the statute.

Appellant did not preserve error that shows a violation of his substantial rights. The evidence of the unadjudicated extraneous acts was admissible with respect to the first two counts. Appellant did not request a limiting instruction regarding its applicability to the third count and, therefore, waived appellate review of any error concerning the admission of the evidence of the unadjudicated extraneous acts. *See* Tex. R. Evid. 105(a); *Angelo v. State*, 977 S.W.2d 169, 180 (Tex. App.—Austin 1998, pet. ref'd). Even if any error were preserved as to the third count, the record does not show that appellant's substantial rights were affected. His guilty plea on all three counts preceded the admission of the evidence and so is unaffected by any error. There is substantial other evidence on which a jury might base its sentence—namely, appellant's guilty plea and his younger daughter's testimony about appellant's five years of sexual assaults on her while she was nine to fourteen.

The jury sentenced appellant to concurrent terms of fifty years in prison for each offense. There is no indication in the record that the evidence of appellant's actions toward the older daughter caused the jury to assess the penalty it did—in other words, there is no indication in the record that the jury would have assessed a lesser sentence on the third count if the evidence of the unadjudicated actions toward the older daughter had been limited or excluded as to the third count. Appellant has not argued, and the record does not support, the proposition that the jury's consideration of the unadjudicated extraneous offense evidence with respect to count three caused

4

the jury to assess longer sentences with respect to counts one and two. Even if the jury would have assessed a lesser sentence on the third count had the evidence not been admitted as to that offense, appellant has not demonstrated that he was harmed. Whatever sentence he received with respect to count three would still run concurrently with the two concurrent terms of fifty years in prison for the first two counts.

Because appellant failed to preserve this error alleged for review, and because appellant failed to show that he was harmed by any alleged error, the judgment is affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: May 5, 2010

Do Not Publish

5