In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00003-CV
_____

IN RE COMMITMENT OF MARTIN VICARIO

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-06-06060 CV

**MEMORANDUM OPINION**

Martin Vicario challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) (the SVP statute). In two issues, Vicario contends the trial court erred (1) in permitting cross-examination of his expert witness regarding that expert's website and (2) in admitting evidence of unadjudicated offenses. We conclude Vicario's issues do not present error requiring reversal, and we affirm the trial court's judgment.

## Cross-Examination

Dr. John Tennison, a psychiatrist, testified for Vicario as an expert witness. Dr. Tennison described his professional background and experience at length in his direct testimony. His curriculum vitae was admitted into evidence and was published to the jury as an aid in understanding Dr. Tennison's background, training, and experience. Dr. Tennison stated that he had been retained to assess Vicario and arrive at an opinion as to whether Vicario suffers from the condition the statute defines as a behavioral abnormality. He described his methodology as using objective data in population comparisons and actuarials to perform a risk assessment.

Dr. Tennison stated that Vicario's sexual offenses appeared to be opportunistic incest events perpetrated against child victims by virtue of their proximity and convenience and not the result of a preoccupation with having sex with a child. According to Dr. Tennison, Vicario's actions were sexually deviant but there was nothing in the offenses or in the assessment of Vicario's current thinking to indicate pedophilia. Dr. Tennison stated that Vicario appeared to be showing volitional behavior in the arrangements he made to have sexual activities with the girls. Dr. Tennison concluded that, in his opinion, Vicario does not have a behavioral abnormality.

The State sought to cross-examine Dr. Tennison regarding whether a satirical website he previously maintained had been linked to one of his professional websites. Vicario objected to the line of questioning for lack of relevance and its unduly prejudicial effect. The State argued the subject was relevant because Dr. Tennison "created and posted sexually deviant material" on the satirical website. The trial court overruled the objection and granted Vicario a running objection to testimony on the subject. Dr. Tennison testified that he created, wrote, and maintained a satirical website about a doctor and "absurd fictional characters" with sexually suggestive names. Dr. Tennison maintained though that the link to the satirical website was only on his musical website.

On re-direct, Dr. Tennison explained that the website was an "edgy satire which uses profanity as a literary device to make a point." He explained to the jury that "[s]atire is a literary device where you use shock value to make hopefully what is a socially desirable message." Dr. Tennison stated that he satirized "abuses that have occurred in the church." According to Dr. Tennison, the website was a creative avenue unrelated to his professional psychiatric activities, and was part of a website that included links to an organization he created that researches "boogie woogie piano[.]" Dr. Tennison testified that he took down the satirical website in

3

2009 or 2010 because "it was being misunderstood." He stated that its contents did not meet the researchers' definition of sexually deviant.

"We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. "Evidence is unfairly prejudicial when it has an undue tendency to suggest that a decision be made on an improper basis, commonly, but not necessarily, an emotional one." *In re Commitment of Anderson*, 392 S.W.3d 878, 882 (Tex. App.—Beaumont 2013, pet. denied). "In applying Rule 403, factors that should be considered include the probative value of the evidence, the potential of the evidence to impress the jury in some irrational way, the time needed to develop the evidence, and the proponent's need for the evidence." *Id.*

"A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." Tex. R. Evid. 611(b). Vicario argues the testimony

4

about Dr. Tennison's satirical website was irrelevant because it does not show Dr. Tennison was biased in any way and it bears no direct relation to Dr. Tennison's evaluation of Vicario or the existence of a behavioral abnormality. He argues that the record fails to demonstrate why the website would tend to lessen Dr. Tennison's credibility as an expert witness. Instead, Vicario contends the State used the satirical information on the website to inflame the jury with obscenities. The State counters that Dr. Tennison's testimony in the case dealt with sexual offenders and his website reveals his attitudes about sexual offenses.

Dr. Tennison operated the website during his career as a psychiatrist. Although he described the website as self-expression unrelated to his professional life, according to Dr. Tennison, the website portrayed a doctor and addressed sexual abuse. Dr. Tennison included his non-psychiatric honors, employment, and artistic activities on his curriculum vitae as an aid to the jury in understanding his background, training, and experience. The trial court could reasonably conclude that the evidence had a bearing on the seriousness with which Dr. Tennison regarded sexual offenses in that he was willing to satirize them, and that Dr. Tennison's publication of fictional satire depicting a member of his profession and sexual offenders had some bearing on his credibility as an expert witness. *See* Tex. R. Evid. 401, 611(b).

5

Vicario argues the State spent ten percent of its cross-examination of Dr. Tennison inflaming the jury with obscene words. The record shows a valid reason to develop testimony about Dr. Tennison's activities on the internet. The State tied the sexually suggestive names of Dr. Tennison's fictional characters to his credibility as an expert, in that Dr. Tennison was a psychiatrist testifying about a risk presented by a sexual offender and Dr. Tennison's artistic pursuits revealed something significant about his personal attitudes about sexual offenses. The sexually suggestive names of Dr. Tennison's characters appear on only three pages out of approximately two hundred pages of his testimony. The prejudicial impact of his characters' names was lessened because Dr. Tennison was able to place his work in its context as literary satire.

Dr. Tennison offered testimony on the subject of sexual deviance and how it related to his evaluation of behavioral abnormality. His non-professional activities shed some light on his personal attitudes toward that subject. Dr. Tennison quite ably explained that his use of inflammatory language was merely a literary device and did not reflect on his professional psychiatric activities. The trial court allowed the jury to decide whether to weigh Dr. Tennison's artistic pursuits in considering the weight to give his professional opinion. We conclude that the trial court's ruling was not an abuse of discretion because the evidence had some bearing on

the credibility of Dr. Tennison's testimony as an expert witness and did not impress the jury in an irrational way. *See In re Commitment of Winkle*, 434 S.W.3d 300, 314 (Tex. App.—Beaumont 2014, pet. filed) (holding the trial court did not abuse its discretion by allowing the State to cross-examine Dr. Tennison about his satirical website); *Anderson*, 392 S.W.3d at 882. We overrule issue one.

## Evidence Concerning Uncharged Conduct

In issue two, Vicario contends the trial court abused its discretion by admitting evidence of two alleged sexual offenses that resulted in charges that were later dismissed. The trial court overruled Vicario's objections because it appeared to the trial court that the State had previously used the unadjudicated offenses in the punishment phase of a criminal prosecution against Vicario under section 12.45 of the Texas Penal Code, with the implication that such offenses were a part of his criminal record. The trial court ruled that testimony concerning unadjudicated offenses would be admitted as evidence showing the basis of the opinion of the State's expert, Dr. Michael Arambula. *See* Tex. R. Evid. 703, 705. The trial court overruled Vicario's further objection that the probative value of the evidence was substantially outweighed by its undue prejudicial effect. *See* Tex. R. Evid. 403, 705(d).

7

Rulings on the admission or exclusion of evidence are committed to the trial court's sound discretion. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion if it rules without regard for any guiding rules or principles. *Id.* at 754. We uphold the district court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998). In other words, a trial court does not abuse its discretion in admitting or excluding evidence if it reaches the right result for the wrong reason. *See Donalson v. Barr*, 86 S.W.3d 718, 720 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Luxenberg v. Marshall*, 835 S.W.2d 136, 141-42 (Tex. App.—Dallas 1992, no writ).

Rule 705(a) of the Texas Rules of Evidence provides that an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which the expert bases an opinion. Tex. R. Evid. 705(a); *Boswell v. Brazos Elec. Power Coop., Inc.*, 910 S.W.2d 593, 603 (Tex. App.—Fort Worth 1995, writ denied). Rule 705(d) provides further as follows:

> When the underlying facts or data would be inadmissible in evidence, the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial. If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.

Tex. R. Evid. 705(d); *Stam v. Mack*, 984 S.W.2d 747, 750 (Tex. App.—Texarkana 1999, no pet.) (citing *Sosa ex rel. Grant v. Koshy*, 961 S.W.2d 420 (Tex. App.—Houston [1st Dist.] 1997, writ denied)).

Vicario argues the probative value of the evidence was substantially outweighed by the danger of unfair prejudice because the charges were not a part of his prior criminal record. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. Citing *Voisine v. State*, Vicario argues that an unadjudicated offense was inadmissible in the punishment phase of a noncapital prosecution when he was convicted on the offenses that are part of his criminal record; therefore, he argues, the trial court must have been incorrect when it concluded a motion to dismiss that stated "7/23/93 Decline – Used as an extraneous offense" meant that the convicting court had considered the offense under section 12.45 of the Texas Penal Code.[1] *See generally* 889 S.W.2d 371, 372 (Tex. App.—Houston [14th Dist.] 1994, no pet.); *see also* Tex. Penal Code Ann. § 12.45 (West 2011). Prior to September 1, 1993, evidence of unadjudicated extraneous offenses was not admissible during the

---

[1] *Voisine* concerned article 37.07, section 3(a) of the Texas Code of Criminal Procedure, not section 12.45 of the Texas Penal Code. *See* 899 S.W.2d at 372.

9

punishment phase of trials for noncapital offenses. *Grunsfeld v. State*, 843 S.W.2d 521, 526 (Tex. Crim. App. 1992), *superseded by statute*, Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.05(a), sec. 3(a), 1993 Tex. Gen. Laws 3586, 3759 (effective Sept. 1, 1993) (now codified as Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2014)), *as recognized in Rushing v. State*, 353 S.W.3d 863, 865 n.13 (Tex. Crim. App. 2011). An extraneous offense that was considered in sentencing in another case pursuant to section 12.45 of the Texas Penal Code is not a prior conviction for purposes of impeachment. *Lopez v. State*, 253 S.W.3d 680, 682 (Tex. Crim. App. 2008); *see also* Tex. R. Evid. 609(a). But, the unadjudicated offenses at issue here were not used for impeachment; rather, they were used to explain, in part, the basis for the expert's opinion testimony. *See* Tex. R. Evid. 703.

Regardless of whether the unadjudicated offenses were a part of Vicario's criminal record, records concerning the unadjudicated offenses at issue here were included in the records that were compiled by the investigating agency and considered by Drs. Arambula and Tennison as the basis for the opinions they gave in this case. Dr. Arambula stated that all of the records he reviewed are the same records that are relied upon by experts in his field for this type of evaluation. Dr. Tennison stated that he received and reviewed the records from the Special

10

Prosecution Unit, and that review was part of the methodology he uses, which is consistent with the community and peer-reviewed standards of his field.

Vicario contends that without evidence proving that these were extraneous offenses for which Vicario had admitted his guilt, Dr. Arambula's opinion testimony that Vicario was in denial is unreliable and should not have been allowed. Dr. Arambula explained that denial, minimization, and rationalization are related concepts where the person takes less responsibility for his crimes. Dr. Arambula stated that Vicario minimized and denied the details of the offenses for which he was convicted. The unadjudicated offenses did not provide the only basis for Dr. Arambula's opinion that Vicario was in denial. Thus, Vicario's argument properly goes to the weight to be given Dr. Arambula's opinion by the jury and not to its admissibility.

Vicario argues explicit descriptions of the unadjudicated offenses were purposefully used to incite the jury. But, the jury heard evidence that Vicario was convicted of other sexual offenses committed against children. The trial court could reasonably conclude that the State offered the evidence for the limited purpose of showing the basis for Dr. Arambula's opinion. *See* Tex. R. Evid. 703. Vicario contends the State did not use the evidence for the limited purpose stated because the State's expert considered the offenses as events that actually occurred

11

and related the details to the jury as if they were facts, as opposed to raw allegations. Dr. Arambula acknowledged that Vicario had not been convicted of the offenses and he stated that in evaluating Vicario for a behavioral abnormality he did not attach as much weight to the unadjudicated offenses and grooming behavior as he did to the convictions. Further, the trial court instructed the jury regarding the limited purpose of such evidence. *See* Tex. R. Evid. 105(a). We presume the jury followed the court's limiting instruction. *See Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 167 (Tex. 1982).

Vicario claims the evidence of the unadjudicated offenses was unfairly prejudicial because the State spent an inordinate amount of time on the unadjudicated offenses but had minimal need for them because it had other evidence to support its case. A discussion of the unadjudicated offenses appears on a few pages of the record. Viewing the record as a whole, the State did not dwell on the unadjudicated offenses, as opposed to the sexual offenses that resulted in conviction, and Dr. Arambula placed the offenses in the context of Vicario's larger pattern of offending. We hold the trial court did not abuse its discretion. *See Auld*, 34 S.W.3d at 906. We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on October 15, 2014
Opinion Delivered February 12, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.