# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-40532

_____

TRACY LEE GIVENS,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

September 6, 2001

Before JONES, SMITH, and DeMOSS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Tracy Givens appeals the denial of his petition for writ of habeas corpus. Finding no error, we affirm.

I.

In 1992, Givens attended a party with three friends. When they heard that some revelers had brought shotguns to the party, the group retrieved their own firearms. A verbal skirmish ensued between two of the young men and quickly escalated into shots fired at random into the air, prompting most of those present to flee in a panic.

Givens and Adrian Oliver rode away from the melee with friends. As another car approached their vehicle, Givens and Oliver thought they heard a gunshot and began firing at the other car; no one in that car had a gun. The shots from Oliver's weapon mortally wounded a passenger in the other car, and in the subsequent trial of Givens and Oliver, Givens was convicted of "murder as a party."

During the punishment phase of Givens's trial, the state presented evidence that he had been placed on a type of probation for six months for burglary. The state also presented evidence of arrests for aggravated assault, theft of a semi-automatic pistol, and possession of cocaine. None of these arrests ever was adjudicated.

Givens's counsel did not object to the admission of these unadjudicated offenses as evidence. On cross-examination, counsel obtained admissions that Givens was never found guilty of any juvenile delinquent conduct and voluntarily had participated in the juvenile probation program. Givens appealed, but his counsel did not challenge the admission of this evidence; the Texas Court of Criminal Appeals affirmed.

Givens filed a state habeas application, arguing, *inter alia,* that the trial court had erred in allowing the introduction of extraneous, unadjudicated offenses and that his lawyer's failure to object at trial or raise the issue on appeal had denied him effective assistance of counsel. The state court and the federal district court denied his habeas petitions, but we granted a COA to examine whether (1) the trial court had denied him a fair trial by allowing the presentation of evidence of unadjudicated extraneous offenses during the punishment phase; (2) counsel's failure to object to

this presentation rendered his assistance ineffective; and (3) counsel's failure to raise this issue on appeal rendered his assistance ineffective.

## II.

Because Givens filed his habeas petition before the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), his petition is governed by the pre-AEDPA standards. *Green v. Johnson,* 160 F.3d 1029, 1035 (5th Cir. 1998). "Under pre-AEDPA law, 28 U.S.C. § 2254(d) required federal courts in habeas corpus proceedings to accord a presumption of correctness to state court findings of fact, while state court determinations of law were to be reviewed *de novo.*" *Magouirk v. Warden,* 237 F.3d 549, 552 (5th Cir. 2001). There are no factual findings, because the trial court did not issue an order on Givens's application, and the Court of Criminal Appeals denied the application without written order.

## A.

Givens complains of the presentation of evidence of unadjudicated extraneous offenses during the punishment phase. We grant habeas relief only when "the violation of the state's evidentiary rules results in a denial of fundamental fairness." *Herrera v. Collins,* 904 F.2d 944, 949 (5th Cir. 1990). "[T]he erroneous admission of prejudicial evidence can justify habeas corpus relief only if it is material in the sense of a crucial, critical, highly significant factor." *Anderson v. Maggio,* 555 F.2d 447, 451 (5th Cir. 1977) (internal quotation omitted).

Givens was sentenced in September 1992, when Texas permitted the introduction of evidence "as to *any matter the court deems relevant to sentencing, including* the prior

2

criminal record of the defendant." TEX. CRIM. PROC. CODE art. 37.07 § 3(a) (Vernon Supp. 1991) (emphasis added). The legislature had amended the statute to include the italicized language in 1989, but before that amendment, the Court of Criminal Appeals had held such evidence inadmissible. *See Murphy v. State,* 777 S.W.2d 44, 57 (Tex. Crim. App. 1989).

From the 1989 amendment until shortly after Givens's trial, Texas courts generally construed the amended statute as allowing evidence of unadjudicated extraneous offenses at the sentencing phase of a noncapital trial,[1] though a minority had reached the opposite conclusion.[2] Not until three months after Givens's conviction and sentencing did the Court of Criminal Appeals resolve the debate in favor of the minority position. *See Grunsfeld v. State,* 843 S.W.2d 521, 523-26 (Tex. Crim.

App. 1992).[3] Thus, because the law was unsettled at the time of Givens's sentencing, the trial court did not err in following the current majority rule, so the admission of the evidence did not deprive Givens of a fair trial.

### B.

Givens contends that his attorney was ineffective because he did not object to the evidence of the unadjudicated extraneous offenses. To prevail on an ineffective-assistance claim, Givens must show both that "counsel's performance was deficient" and that the "deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). A "deficient performance" is one that "fell below the objective standard of reasonableness." *Id.* at 688.

Because Texas law was unsettled, counsel reasonably could have believed that the law permitted such evidence. *See Sharp v. Johnson,* 107 F.3d 282, 289-90 (5th Cir. 1997). Therefore, Givens cannot show that the failure to object was deficient performance.[4] Because

---

[1] *See*, *e.g., Lafayette v. State,* 835 S.W.2d 131, 133 (Tex. App.SSTexarkana 1992, no writ) (finding that the additional language reflected a legislative intent to broaden the spectrum of acceptable evidence); *Robles v. State,* 830 S.W.2d 779, 783 (Tex. App.SSHouston [1st Dist.] 1992, pet. ref'd); *Rexford v. State,* 818 S.W.2d 494, 496 (Tex. App.SSHouston [1st Dist.] 1991), pet. ref'd); *Gallardo v. State,* 809 S.W.2d 540, 541-42 (Tex. App.SSSan Antonio 1991), *vacated,* 849 S.W.2d 825 (Tex. Crim. App. 1993); *Hubbard v. State,* 809 S.W.2d 316, 319-20 (Tex. App.SSFort Worth 1991) *aff'd in part, rev'd in part*, 892 S.W.2d 909 (Tex. Crim. App. 1995); *McMillian v. State,* 799 S.W.2d 311, 314 (Tex. App.SSHouston [14th Dist.] 1990), *vacated*, 844 S.W.2d 749 (Tex. Crim. App. 1993); *Huggins v. State,* 795 S.W.2d 909, 911 (Tex. App.SSBeaumont 1990, pet. ref'd).

[2] *See, e.g., Grunsfeld v. State,* 813 S.W.2d 158, 171 (Tex. App.SSDallas 1991), *aff'd*, 843 S.W.2d 521 (Tex. Crim. App. 1992); *Blackwell v. State,* 818 S.W.2d 134, 141 (Tex. App.SSWaco 1991, no writ) (following *Grunsfeld*).

[3] *See also Chatham v. State,* 889 S.W.2d 345, 352 (Tex. App.SSHouston [14th Dist.] 1994, pet. ref'd) (explaining the fluctuations in the law in this area). The legislature amended the statute again after *Grunsfeld* to allow the admission of evidence of unadjudicated extraneous offenses at the sentencing phase of a noncapital crime. *See Voisine v. State,* 889 S.W.2d 371, 372 (Tex. App.SSHouston [14th Dist.] 1994, no writ). This amendment, however, applied only to offenses committed on or after September 1, 1993. *Brown v. State,* 6 S.W.3d 571, 583 n.7 (Tex. App.SSTyler 1999, pet. ref'd).

[4] We have held that an attorney's failure to object to the admission of evidence of unadjudicated offenses in a presentence report is conduct that

(continued...)

a failure to prove either deficiency or prejudice prevents Givens from prevailing, we need not reach the issue of prejudice. *See Washington,* 466 U.S. at 687.

## C.

Givens asserts that counsel was ineffective for neglecting to challenge the admission of the extraneous-offense evidence on appeal. "Persons convicted of a crime are entitled to receive effective assistance of counsel in their first appeal of right," but counsel is not required to raise every nonfrivolous issue. *Green,* 160 F.3d at 1043. We apply the *Washington* test to counsel's performance on appeal. *Id.* Additionally, Givens must show that the failure to raise the issue on appeal rendered the entire proceedings, trial and appeal, fundamentally unfair. *See Goodwin v. Johnson,* 132 F.3d 162, 174-75 (5th Cir. 1997). Givens bears the "highly demanding and heavy burden in establishing actual prejudice," not merely that "the errors had some conceivable effect on the outcome of the proceeding." *Williams v. Taylor,* 529 U.S. 362, 394 (2000).

On appeal, counsel challenged (1) the sufficiency of the evidence to support the conviction and (2) the refusal of the trial court to give jury instructions for lesser included offenses. The only issue before us is whether his failure to raise this particular objection rendered the trial and appeal fundamentally unfair. Under Texas law at that time, if counsel failed to lodge an objection at trial, nothing was preserved for appellate review. *See* TEX. R. APP. P. 52(a) (Vernon Supp. 1991).[5] Thus, challenging the admission of unadjudicated extraneous offenses on appeal would have been frivolous.

Givens's counsel acted objectively reasonably in declining to raise an unreviewable issue. Because the court could not review the alleged error, no prejudice could have resulted from the failure to raise it.

AFFIRMED.

---

[4](...continued)
falls below an objective standard of reasonableness. *Spriggs v. Collins,* 993 F.2d 85, 89-90 (5th Cir. 1993). In *Spriggs,* however, we construed Texas law before the 1989 amendments. Moreover, *Grunsfeld* had been decided, clarifying the law and affirming the pre-1989 position. Thus, *Spriggs* is inapplicable to the narrow time span relevant to this case, in which the interpretation of the applicable statute was unsettled.

---

[5] *See also Esquivel v. State,* 595 S.W.2d 516, 522 (Tex. Crim. App. 1980); *Reyna v. State,* 797 S.W.2d 189, 193 (Tex. App.SSCorpus Christi 1990, no writ).