United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10798
Summary Calendar
_____

DAVID MICHAEL GORDON,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1095-D
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

David Michael Gordon, Texas prisoner # 877573, appeals the

district court's denial of his 28 U.S.C. § 2254 claim that trial

counsel was ineffective in failing to object to the introduction

of the unadjudicated extraneous offense testimony of Leslie

Weaver at the punishment hearing.

Under Texas law applicable to offenses committed before

September 1, 1993, Weaver's testimony was not admissible at the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

punishment hearing and should not have been considered. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a); Grunsfeld v. State, 843 S.W.2d 521, 523-26 (Tex. Crim. App. 1992); Givens v. Cockrell, 265 F.3d 306, 309 n.3 (5th Cir. 2001). Because the sentencing transcript reveals that the court considered Weaver's testimony in determining Gordon's sentence, a showing of prejudice is not precluded. See Strickland v. Washington, 466 U.S. 668, 689-94 (1984). However, the portion of the sentencing transcript containing Weaver's testimony and any objections thereto is not part of the record in this court. Thus, it is impossible for this court to determine whether Gordon can satisfy the deficient-performance-prong of Strickland by showing that counsel failed to object to the introduction of Weaver's testimony. See id.

The respondent reasserts the time-bar as a basis for denying relief. The two cases relied on by the district court in denying the respondent's motion to dismiss Gordon's petition as time-barred are distinguishable from the instant case. See Emerson v. Johnson, 243 F.3d 931, 934-35 (5th Cir. 2001); Lookingbill v. Cockrell, 293 F.3d 256, 261 (5th Cir. 2002), cert. denied, 537 U.S. 1116 (2003). In both cases, after the Texas Court of Criminal Appeals (TCCA) denied state habeas relief, the petitioner filed, within the one-year period of § 2244(d), a motion to reconsider. See Emerson, 243 F.3d at 932, 935-36; Lookingbill, 293 F.3d at 261. In the instant case, Gordon did not file his motion for reconsideration until May 17, 2002, after

the one-year period had expired.  Thus, Gordon's petition arguably was untimely unless the late notice from the TCCA of the denial of state habeas relief provided a basis for equitable tolling.

Gordon asserted that he received the TCCA's notice of the denial of habeas relief on March 15, 2002.  He did not file his § 2254 petition until two months later, on May 14, 2002.  This court has indicated that a one-month delay in filing a § 2254 petition after notice from the state court of the denial of relief does not preclude equitable tolling, but a four-month delay does.  Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001); Phillips v. Donnelley, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000). See also Simmons v. Johnson, No. 98-21054 (5th Cir. Feb. 17, 2000)(unpublished). (Equitable tolling not warranted where petitioner waited more than one month after receiving notice of the denial of state post conviction relief to file his § 2254 petition.)

Accordingly, the district court's denial of Gordon's claim that counsel was ineffective for failing to object to the introduction of Weaver's testimony is VACATED, and this case is REMANDED for proceedings consistent with this opinion.

VACATED AND REMANDED.