United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40878
Summary Calendar

---

RAY DALE HOOKS,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:04-CV-389
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ray Dale Hooks, Texas prisoner # 909360, appeals from the dismissal of his 28 U.S.C. § 2254 habeas corpus application as time-barred, pursuant to 28 U.S.C. § 2244(d). Hooks challenges his conviction of involuntary manslaughter and leaving the scene of an accident. He moves to supplement the record with materials that appear to have been omitted from the record; his motion to supplement is granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At issue on appeal is the effect of Hooks's motion for rehearing or reconsideration after the Texas Court of Criminal Appeals denied his state habeas corpus application. If that motion tolled the limitations period, then Hooks's § 2254 application was timely filed. If the motion did not toll the limitations period, then the § 2254 application was untimely.

The federal limitations period is tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" § 2244(d)(2). Texas law provides that "A motion for rehearing an order that denied habeas corpus relief . . . may not be filed." TEX. R. APP. P. 79.2(d) (West 2003). However, the Court of Criminal Appeals "has entertained motions for reconsideration, notwithstanding the language in . . . Rule 79.2(d)." Emerson v. Johnson, 243 F.3d 931, 934 (5th Cir. 2001). When a motion for rehearing is properly filed within the § 2244(d) limitations period, that period is tolled from the date of the habeas denial, as if the motion for rehearing is a further step in the state habeas process. Lookingbill v. Cockrell, 293 F.3d 256, 261 (5th Cir. 2002); Emerson, 243 F.3d at 935; see Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001) (the intervals between disposition of state habeas application and timely filing of an application for review at the next level are not counted); Gordon v. Dretke, 107 F. App'x 404, 406 (5th Cir. 2004) (noting that a motion to reconsider denial of state habeas application was filed

after the expiration of the § 2244(d) limitations period; distinguishing case from Emerson and Lookingbill). The limitations period is tolled "only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." Emerson, 243 F.3d at 935.

A Texas motion for reconsideration is considered filed for tolling purposes when it is delivered to the Court of Criminal Appeals and noted on that court's docket sheet. See id. at 932. Hooks's motion was received and noted on the docket sheet on October 1, 2004; the motion therefore was filed.

Contrary to the respondent's assertion, our caselaw does not require that the Court of Criminal Appeals actually address a prisoner's motion for rehearing or reconsideration for it to be considered as properly filed pursuant to § 2244(d)(2) to toll the limitations period. The Court of Criminal Appeals evidently did address the motions in both Emerson and Lookingbill. See Lookingbill, 293 F.3d at 259; Emerson, 243 F.3d at 932. In Emerson, however, we noted that some prisoners might bypass moving for rehearing or reconsideration in state court if they were unable to predict whether the Court of Criminal Appeals would apply Rule 79.2(d) literally or would follow caselaw allowing that court to consider motions for rehearing or reconsideration. Emerson, 243 F.3d at 935. We reasoned that it would discourage exhaustion of state-court remedies were this court to not toll the limitations period for a motion for rehearing or reconsideration. Id. Were we

to require that a motion for rehearing actually be considered by the Court of Criminal Appeals for that motion to toll the limitations period, we would create exactly the situation we sought to avoid in Emerson. Hooks's motion for reconsideration or rehearing therefore tolled the limitations period, and his § 2254 application was timely filed. We express no opinion on the merits of Hooks's underlying habeas corpus claims.

VACATED AND REMANDED; MOTION TO SUPPLEMENT GRANTED.