# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2010

No. 08-40923

Lyle W. Cayce
Clerk

RAY DALE HOOKS,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:04-CV-389

Before CLEMENT, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Ray Dale Hooks ("Hooks") appeals the district court's denial of his federal petition for habeas corpus. We hold that Hooks has failed to demonstrate the necessary prejudice to sustain his claim of ineffective assistance of counsel and, thus, we AFFIRM the district court's denial of Hooks's habeas petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-40923

## I.  FACTUAL & PROCEDURAL BACKGROUND

A.  Factual Background

On the evening of March 14, 1999, Roger Carney ("Carney") was last seen alive walking along the concrete shoulder of the eastbound side of U.S. Highway 80 after an argument with his wife.  His wife returned a short time later to convince Carney to accept a ride home and found him lying dead on the shoulder of the road.  The medical examiner later determined that Carney had been struck from behind by an automobile.

A Department of Public Safety ("DPS") officer arrived on the scene shortly thereafter and instructed other first responders to follow a trail of anti-freeze leading away from the scene of the accident.  The trail ultimately led them to Hooks who was taken into custody.  Blood alcohol tests revealed that Hooks had a blood alcohol concentration of 0.29 grams of alcohol per 100 milliliters of blood at the time of his arrest.  The state offered expert testimony at trial that a concentration of 0.29 at 11:46 p.m. meant Hooks's blood alcohol level at the time of the accident was as high as 0.35.

Hooks was charged by way of grand jury indictment in Harrison County, Texas, with intoxication manslaughter and leaving the scene of an accident.[1]  At trial, the state alleged that Hooks had swerved onto the shoulder of the road and hit Carney.  In support of its theory, the state offered testimony from two DPS officers to support the conclusion that Carney was on the shoulder of the road when he was struck.

Hooks's trial counsel, Kevin McCarter ("McCarter"), stated in an affidavit that he adopted a strategy of trying to discredit the state's experts' opinions in an effort to support the alternative theory that Hooks struck Carney in the

---

[1] The only remaining argument in the case addresses counsel's alleged ineffectiveness with respect to the intoxication manslaughter charge.  Hooks has not contended that counsel was ineffective regarding the leaving the scene charge.

2

No. 08-40923

roadway rather than on the shoulder of the road such that Hooks's obvious intoxication did not "cause" Carney's death.[2]    McCarter intensively cross-examined both officers.  In his cross-examination of Officer Hitt, McCarter elicited testimony that undercut the factual basis given by one of the DPS officers for the ultimate conclusion reached by the other. Additionally, McCarter used the cross examinations of both witnesses to set out Hooks's alternative theory of the case, although neither officer expressly adopted the view that Carney was in fact on the roadway.  McCarter did not call any witnesses.

Hooks was convicted of both counts.  The jury assessed a punishment of life imprisonment on the intoxication manslaughter charge and twenty years' imprisonment on the charge of leaving an accident scene.

B.  Procedural History

Hooks's conviction was affirmed by the intermediate appellate court, *Hooks v. State*, 44 S.W.3d 607 (Tex. Ct. App. 2001), and the Texas Court of Criminal Appeals denied discretionary review.  The Supreme Court denied Hooks's petition for certiorari on May 20, 2002. *Hooks v. Texas*, 535 U.S. 1085 (2002).  Hooks filed his state court habeas petition on May 9, 2003.  Hooks's petition was remanded to the district court for the resolution of several factual issues.  The trial court entered fourteen separate findings of fact and four conclusions of law. The Texas Court of Criminal Appeals denied Hooks's petition on the findings of the trial court without written order and without a hearing. *Ex Parte Hooks*, No. 56,185-01 (Tex. Crim. App. Sept. 22, 2004).

---

[2] Hooks claims that if Carney was on the road when hit such evidence would prove that he was "actually innocent," and that Carney's intoxication would be deemed the cause of his own death.  We note that a conclusion that Carney was struck on the roadway would not be wholly exonerative as a jury could find that Hooks's intoxication made him less able to avoid the accident than if he had been sober. *See* TEX. PENAL CODE ANN. § 6.04(a) (2010).  Hooks's argument that a juror would find "the cause of Carney's death was the fact that he was in the road at the time of the accident," ignores the fact that a driver cannot simply hit whatever is in the roadway.

No. 08-40923

Hooks filed his federal habeas petition *pro se* on October 29, 2004. After appointment of counsel, Hooks submitted a report from Brent Munyon ("Munyon"), an accident reconstruction expert, with his supplemental memorandum in support of his petition. The report supported Hooks's allegation that Carney was in the road at the time of the accident. Munyon was not retained until after the conclusion of Hooks's state proceedings. Notably, Munyon's résumé states that he did not become certified in accident reconstruction until 2005. He was serving as a police officer at the time of Hooks's 1999 trial.

The petition was initially dismissed as time-barred, but this court vacated the dismissal and remanded for further consideration. *Hooks v. Quarterman*, 224 F. App'x 352 (5th Cir. 2007). The magistrate judge assigned to the case subsequently issued his report and recommendations finding, insofar as is relevant here, that Hooks properly exhausted his ineffective assistance claim but that he was not entitled to habeas relief on the merits of that claim. Hooks timely raised objections challenging, among other things, the magistrate judge's conclusion that his counsel was not ineffective for failing to call an accident reconstruction expert. Appellee filed a timely objection challenging the magistrate judge's conclusion that Hooks had exhausted his claim. The district court adopted the magistrate judge's report and recommendations, denied Hooks's petition, and denied a certificate of appealability ("COA") *sua sponte*.

Hooks timely sought a COA from this court on a variety of issues. The court granted a COA on Hooks's ineffective assistance claim flowing from McCarter's failure to call an accident reconstruction expert. The court also instructed the parties to brief the exhaustion issue.

## II. DISCUSSION

Hooks's only remaining habeas claim arises from his trial counsel's failure to call an expert witness to rebut the accident reconstruction testimony offered

4

by the state through the DPS officers. Hooks contends that McCarter was obligated to call an expert because the reliability of the scientific evidence offered by the state represented a crucial aspect of his case. Further, he contends that the outcome of his trial would have been different had McCarter presented Munyon's conflicting report. We hold that Hooks has failed to "affirmatively prove" he was prejudiced by McCarter's failure to call an expert witness as required by *Strickland v. Washington*, 466 U.S. 668, 693 (1984).[3]

Claims of ineffective assistance of counsel are analyzed in light of *Strickland*. *Strickland* established a two-prong test for deciding ineffective assistance claims, under which the petitioner must show that trial counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Id.* at 687. In order to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If the petitioner fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697. "We can affirm on any ground supported by the record." *Fisher v. Texas*, 169 F.3d 295, 299 (5th Cir. 1999).

As Hooks raises an ineffective assistance claim premised on his counsel's failure to call a witness, he is required by the precedent of this court to "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). We require "this showing for

_____

[3] Because we hold that Hooks has failed to satisfactorily demonstrate ineffective assistance, we need not address whether Hooks properly exhausted his claim in the state courts. *See Richardson v. Quarterman*, 537 F.3d 466, 474 n.3 (5th Cir. 2008) (pretermitting the question of exhaustion), *cert. denied*, 129 S.Ct. 1355 (2009).

claims regarding uncalled lay and expert witnesses alike." *Id.* We have subsequently clarified that the seemingly technical requirements of affirmatively showing availability and willingness to testify "[are] not a matter of formalism." *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010). Rather, a petitioner must present evidence on these points as part of the burden of proving that trial counsel could have found and presented a favorable expert. *Id.*

In contravention of *Day* and *Woodfox*, Hooks did not offer any evidence to the district court, nor has he pointed to any evidence in his appellate papers, for the proposition that Munyon was available and willing to testify at the original trial. *See Day*, 566 F.3d at 538 ("[T]he petitioner must . . . demonstrate that the witness was available to testify and would have done so . . . ."); *Woodfox*, 609 F.3d at 808 (experts required to state that they could and would have testified at original trial even where they otherwise state they would be willing to testify in future proceedings). Given this complete lack of necessary evidence, Hooks cannot establish prejudice under *Strickland*.

## III. CONCLUSION

For the reasons set forth above, we AFFIRM the judgment of the district court denying Hooks's habeas corpus petition.