# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 28, 2013

Lyle W. Cayce
Clerk

No. 12-70021

ARTHUR LEE BURTON,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1314

Before JONES, SOUTHWICK, and HAYNES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Arthur Lee Burton was convicted and sentenced to death for the 1997 murder of Nancy Adleman. Burton filed a federal habeas petition pursuant to 28 U.S.C. § 2254, asserting, *inter alia*, a *Miranda* violation, an Eighth Amendment claim related to the trial court's denial of Burton's request to make an unimpeached allocution statement, and ineffective assistance of counsel

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 12-70021

claims. After careful review, the district court denied the petition and did not certify any questions for appellate review. Burton now seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(2). For the following reasons, we DENY the COA application.

## BACKGROUND

### 1. Factual

Nancy Adleman went jogging on the night of July 29, 1997. Her body was found the next day in a heavily wooded area near Braes Bayou in Houston where she often ran. Witnesses saw an individual (later identified as Burton) riding a bicycle along the bayou around the same time that Ms. Adleman was jogging there. When he was brought in for questioning, Burton initially denied involvement in the crime. After being confronted with inconsistencies in his story, Burton provided the following confession:

> About a week and a half ago I was riding my step mom's bike on the bayou behind my house. I rode around for a while and I seen this woman jogging. She was an older white woman wearing some shorts and some tennis shoes and a top. I think they were blue. I rode up behind her and pushed my bike down the hill into the bayou. I ran up behind her and grabbed her and pulled her in the woods. I threw her down and she started screaming and I choked her with my hands. She went unconscious for a little while. I took her shorts off and her panties and I left them there. She came back to and I got on top of her and I was trying to have sex with her but I got so nervous that I couldn't do it. Then she started screaming again. She was asking me did I know about God. She said I forgive you. She told me to just leave. She asked me why was I doing it and that I didn't have to do it and saying that I was a handsome man. I got up and I was fixing to leave. She grabbed my ear and she started screaming and I choked her until she went unconscious again. Then I drug her and we both fell in a hole. I got out and I was leaving and I saw somebody a man walking by himself. I went back and I took a shoestring out of her shoe. I left her shoe on and tied her shoestring around her neck. Then I went and got my bike and I went on. . . . I rode back down the bayou to the street . . . . It was starting to get dark then. I didn't tell anybody.

## 2.    Procedural

The state charged Burton with capital murder because the strangling took place during the commission of, or attempted commission of, a kidnaping or aggravated sexual assault.  The confession and eyewitnesses placing Burton near the scene of the crime provided the jury with sufficient evidence to convict on the capital charge.  Following a separate punishment phase, he was sentenced to death.

On direct appeal to the Texas Court of Criminal Appeals ("TCCA"), Burton's conviction was upheld but his sentence was overturned based on ineffective assistance of counsel.  *Burton v. State*, No. 73,204 (Tex. Crim. App. Mar. 7, 2001) (unpublished).  TCCA remanded for a second punishment hearing.

While the direct appeal was pending before TCCA, Burton participated in a classification interview with a "prison sociologist."  In the interview he stated that he had killed Adleman because it was "[j]ust something [he] couldn't help."  The statement was admitted at the second punishment trial as evidence of Burton's continued dangerousness.  At that proceeding, the judge also held that Burton could not make an allocution statement without subjecting himself to cross-examination.

The jury answered Texas's special issues unfavorably to Burton, and he was again sentenced to death.  The TCCA upheld the second sentence on direct appeal.  *Burton v. State*, No. 73,204 (Tex. Crim. App. May 19, 2004) (unpublished).  The TCCA next turned to an initial state habeas claim – filed during the pendency of the first direct appeal – and a second state habeas claim filed after the second sentence was rendered.  The first application was denied on all points.  The second was denied with respect to all claims except whether Burton's counsel was ineffective for failing to object to the use of the sociologist's statement at the second punishment trial.  *Ex parte Burton*, No. WR 64,360-01 (Tex. Crim. App. Nov. 7, 2007).  After additional briefing and oral argument, the

No. 12-70021

case was remanded for factual development on the remaining issue. *Ex parte Burton*, AP-75,790 (Tex. Crim. App. June 20, 2008). Additional briefing followed once again, and the state district court found that the interview was not custodial, and that the sociologist was not an agent of the State such that *Miranda* warnings would be required. On appeal, the TCCA declined to adopt the lower court's findings, but denied relief nonetheless, stating: "This particular underlying Fifth Amendment issue is unsettled; therefore, counsel cannot be found deficient under the facts involved here." *Ex parte Burton*, AP-75,790 (Tex. Crim. App. Apr. 1, 2009).

Burton next sought habeas review in federal district court. He raised the following arguments:

1.  The State elicited testimony in violation of Burton's Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel when the sociologist asked Burton, without the benefit of *Miranda* warnings or counsel, why he committed the crime.

2.  Burton's Sixth Amendment right to effective assistance of counsel was denied by his trial attorney's failure to preserve the error in Claim 1 when that testimony was presented at the second trial.

3.  The court's denial of Burton's request to make an allocution statement at the second trial without subjecting himself to cross-examination violated his Eighth Amendment right to present mitigating evidence.

4.  Burton's right to effective assistance of counsel was violated when his attorney failed to raise Claim 3 on direct appeal.

5.  Burton's claim of actual innocence entitles him to habeas relief.

4

No. 12-70021

Applying the appropriate standards of deference, the district court throughly reviewed the state court proceedings and denied each claim. Burton now seeks a COA on each of the questions in order to advance the same arguments to this court.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state court prisoner must obtain a COA before appealing a federal district court's denial of habeas relief. 28 U.S.C. § 2253(c)(1)(A). This is warranted upon a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right . . . *and* whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000) (emphasis added). The "threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003). In cases involving the death penalty, "any doubts as to whether a COA should issue must be resolved in [the petitioner's] favor." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citation omitted).

AEDPA's standard for the district court is highly deferential to state-court decisions and demands that they "be given the benefit of the doubt." *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010). To prevail, the petitioner must prove that the adjudication by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under AEDPA, it is not enough that a federal habeas court would reach a different conclusion than the state court. *Williams v. Taylor*, 529 U.S. 362, 411, 120 S. Ct. 1495, 1522 (2000). The question for the appellate court on COA, however, is only whether "reasonable jurists could debate whether (or, for that matter, agree that)" the district court should have handled the issues differently. *Miller-El*, 537 U.S. at 336, 123 S. Ct. at 1039.

## DISCUSSION

Burton advances the same theories here as in his petition to the district court. We examine each in turn.

### 1. *Miranda* Objection

Burton first contests the admission of the prison sociologist's testimony in his second punishment trial. The prison sociologist asked Burton why he committed the crime and he responded that it was "[j]ust something [he] couldn't help." The State used this evidence to argue that Burton lacked remorse and could not stop himself from killing again. Burton contends that the admission of his statement, made in prison, without *Miranda* warnings and in the absence of counsel, violated his Fifth and Sixth Amendment rights.

The TCCA rejected the *Miranda* claim on direct appeal. The court did not address the substance of the claim because Burton did not object to the statements at trial, and thereby failed to preserve the issue. The claim was similarly rejected as procedurally barred during state habeas proceedings. The district court noted the findings of the state court and concluded that a procedural bar foreclosed federal adjudication. *Burton v. Thaler*, 863 F. Supp. 2d 639, 653 (S.D. Tex. 2012).

When a petitioner fails to follow well-established state procedural requirements for attacking his conviction or sentence, and the state court finds that he has defaulted consideration of any issues, a procedural bar forecloses

federal review. *Lambrix v. Singletary*, 520 U.S. 518, 523, 117 S. Ct. 1517, 1522 (1997); *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 2555 (1991).[1] In light of the state court's application of procedural bar, reasonable jurists would not find the district court's ruling debatable. *Slack,* 529 U.S. at 484, 120 S. Ct. at 1604.

## 2. Ineffective Assistance of Counsel at Trial (Regarding *Miranda* Objection)

Burton next asserts that his counsel's failure to object to the sociologist's testimony at the second punishment trial violated his Sixth Amendment right to effective assistance of counsel. An ineffective assistance of counsel claim requires a showing that: (1) counsel's performance was legally deficient; and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

The right to receive *Miranda* warnings extends to "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966). The complicated procedural history of this case shows that the state courts struggled with the question whether Burton's circumstances required *Miranda* warnings. The TCCA remanded the issue to the state district court. The state district court then concluded that *Miranda* warnings were unnecessary because the prison sociologist was not a law enforcement officer and the interview did not constitute custody beyond what was generally present in the prison setting. The state district court's decision was appealed once again. On appeal, TCCA found it unnecessary to decide whether *Miranda* warnings were required in Burton's

---

[1] *But see Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013). *Trevino* held that an ineffective assistance of counsel claim may be raised in federal court if there was no meaningful opportunity for that claim to be heard previously. That is not the case here.

case because the law is unsettled. Counsel was not constitutionally deficient, the court held, for failing to raise an objection based on unsettled law.

The district court reviewed the relevant federal case law and concluded that "neither the law nor the facts establish that trial counsel could have successfully lodged a *Miranda* objection." *Burton*, 863 F. Supp. 2d at 654. At the time of the trial the Supreme Court had not held, as it now has, that incarceration alone is insufficient to trigger *Miranda* rights. *See Howes v. Fields*, 132 S. Ct. 1181, 1190 (2012). The district court also noted that Burton had provided no federal authority supporting the claim that the prison sociologist was a state agent for *Miranda* purposes, and Texas law would likely not include the sociologist as an agent of law enforcement to whom *Miranda* would apply. Burton, 863 F. Supp 2d at 656 (citing *Paez v. State*, 681 S. W.2d 34. 37 (Tex. Crim. App. 1984)). Finally, the two cases Burton cites for the proposition that prison interrogations can trigger *Miranda* rights, *Mathis v. United States*, 391 U.S. 1, 88 S. Ct. 1503 (1968) and *Estelle v. Smith*, 451 U.S. 454, 101 S. Ct. 1866 (1981), are distinguishable from these facts. Both *Mathis* and *Estelle* involved an active investigation by a government agent, whereas the questioning here was purely for purposes of inmate classification.

Given the absence of any state or federal authority applying *Miranda* to this situation, we conclude that reasonable jurists would not debate the holdings of both the district and state courts that failure to object on this issue was not deficient performance. *See Givens v. Cockrell*, 265 F.3d 306, 309 (5th Cir. 2011) (holding that where counsel could reasonably have believed evidence was permissible under unsettled state law, failure to object was not deficient performance). The district court applied the doubly deferential standard of federal review of ineffective counsel claims, *see Harrington v. Richter*, 131 S. Ct. 770, 788 (2011), and held that the state courts did not act unreasonably in denying this claim. No reasonable jurist would find the district court's

No. 12-70021

assessment of the constitutional claim in light of AEDPA's standards debatable or wrong. *Slack,* 529 U.S. at 484, 120 S. Ct. at 1604.

### 3.   Allocution Statement

Burton argues that his Eighth Amendment right to present mitigating evidence was denied at the second trial when the court refused to allow him to make an allocution statement without being subjected to cross-examination. Burton raised this claim in his second state habeas petition, but the state court held the claim procedurally defaulted because it was not raised on direct appeal. Alternatively, the state court held that there is no right to allocution without cross-examination.

This court has held that "a criminal defendant in a capital case does not possess a constitutional right to make an unsworn statement of remorse before the jury that is not subject to cross-examination." *United States v. Hall*, 152 F.3d 381, 396 (5th Cir. 1998), *abrogated on other grounds*, *United States v. Martinez-Salazar*, 528 U.S. 304, 120 S. Ct. 774 (2000). Likewise, Texas courts have not granted a defendant the right to allocute without cross-examination. Federal courts do not sit to create "new" rules of constitutional law in habeas corpus. *Teague v. Lane*, 489 U.S. 288, 316, 109 S. Ct. 1060, 1078 (1989). The district court's holding that Burton cannot show that the state habeas court's denial of his third claim was either  contrary to or an unreasonable application of federal is beyond reasonable debate. *Burton*, 863 F. Supp. 2d at 658.

### 4.   Ineffective Assistance of Counsel on Direct Appeal (Regarding Allocution Statement)

Petitioner's fourth claim is for ineffective assistance of counsel who failed to raise the allocution issue on direct appeal. Although the state court held that the issue was procedurally barred, it went on to reach the merits and reject the claim. Failure to raise a meritless claim is not deficient performance, nor can it lead to actual prejudice. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The

district court's rejection of this attack on the reasonableness of the state court ruling is not debatable.

## 5.     Actual Innocence

Burton's final claim asserts, notwithstanding his attempts to apologize to the victim's family, that he is actually innocent.[2]  Burton argues that new evidence shows that the victim died earlier than the time alleged at trial and that a key trial witness (Dedrick Vallery) has since recanted his testimony in part.  He also contends that his confession was the result of police coercion.

The Supreme Court has not recognized actual innocence as an independent ground for federal habeas corpus relief.  *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993)).  Further, as the district court noted, even if such a claim were cognizable, Burton has not made a strong showing of actual innocence.  Burton asserted his actual innocence claim in the state habeas proceedings, and the state court noted that strong evidence supported the conviction.  The state court found that Vallery's recantation was not credible, and it noted forensic evidence linking Burton to the crime and trial testimony that proved Burton's confession was voluntary.  The state court ultimately rejected the claim. The district court applied appropriate deference to the state habeas proceeding under AEDPA.  For these reasons, the district court's disposition of Burton's actual innocence claim  is beyond reasonable debate.

---

[2] After the trial court delivered the jury's verdict and all indicia of coercion had dissipated, Burton asked to address the victim's family.  He stated: "I want to say I'm sorry for causing y'all so much pain, for taking your daughter away from you, your mother away from you and your brothers, and taking your wife away from you.  And I think about what she said to me that day, that she forgive (sic) me and did I know God.  I couldn't understand why she did that, but I didn't know God then.  When she first told me that, I looked for answers. And I can tell you now that I know God now and I know that I took a special person away from y'all and I'm so sorry for that."  This statement is clearly inconsistent with his actual innocence claim.  Burton makes no attempt to explain how such a conversation with the victim could have occurred if he were actually innocent.

No. 12-70021

## **Conclusion**

For the foregoing reasons, Petitioner's COA request is **DENIED**.