# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30998
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2015

Lyle W. Cayce
Clerk

DENNIS D. THOMAS,

Petitioner - Appellant

v.

TIMOTHY KEITH,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-575

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pursuant to the requisite certificate of appealability, and proceeding *pro se*, Dennis D. Thomas, Louisiana prisoner # 533237, challenges the dismissal of his *habeas-corpus* application contesting his conviction for manslaughter. Thomas asserts the court erred in concluding his ineffective-assistance-of-counsel claims are procedurally barred because of the state appellate court's reliance on his failure to comply with a briefing rule.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-30998

This court does not reach that question.  Instead, and as respondent asserts correctly, the judgment must be affirmed because Thomas failed to exhaust his ineffective-assistance-of-counsel claims by fairly presenting them to the Louisiana Supreme Court prior to seeking federal *habeas* relief.  28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Thomas has not filed a reply brief and has not shown that, if he returns to state court in an effort to exhaust, the state courts will not find his constitutional claims barred as successive and untimely.  *See Sones v. Hargett*, 61 F.3d 410, 416-18 (5th Cir. 1995).

Thomas contends his appellate attorney failed to assert his ineffective-assistance-of-counsel claims in his application for discretionary review in the state supreme court.  Appellate counsel are not required to raise every nonfrivolous issue, and Thomas does not explain why his attorney's failure to raise his ineffective-assistance-of-trial-counsel claims was professionally unreasonable or affected the fundamental fairness of the entire proceedings.  *E.g., Givens v. Cockrell*, 265 F.3d 306, 310 (5th Cir. 2001).  He has also not shown cause and actual prejudice excusing his failure to exhaust on some other basis, or that the failure to consider his constitutional claims will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

AFFIRMED.